G. FRIDAY, Appellee, v. WILLIAM HENAH, Appellant.

**Adverse Possession:** EASEMENTS: *Evidence.* Defendant, owning land lying north of plaintiff's land, purchased a strip along the west side of a tract cornering his land on the northeast, thereby gaining a way to a public road lying to the north. Plaintiff subsequently purchased a strip lying along the west side of the tract, adjoining defendant's on the east, so that plaintiff, by passing over such strip onto and over the strip purchased by defendant, gained a way to the same road. *Held,* that plaintiff, by a mere user of the strip, with no evidence that he claimed a way as of right did not gain a prescriptive right of way over the strip owned by defendant, as Code. section 3004, prvoides that an easement claimed by adverse possession must be established by evidence distinct from it use.

| 113 | 425 |
|-----|-----|
| 124 | 105 |
| 113 | 425 |
| 126 | 337 |
| 113 | 425 |
| f132 | 712 |
| 113 | 425 |
| 134 | 664 |
| 134 | 665 |

*Appeal from Keokuk Dstrict Court.*—HON. BEN McCOY,. Judge.

THURSDAY, APRIL 11, 1901.

SUIT in equity to enjoin the obstruction of a private right of way claimed by plaintiff over defendant's land. The trial court granted the relief asked, and defendant appeals. ·—*Reversed.*

*C. H. Mackey* for appellant.

*D. W. Hamilton* for appellee.

DEEMER, J.—Plaintiff, as the grantee of one Myerdick, claims a private right of way over defendant's land. Prior to the year 1870 Myerdick purchased the southwest ¼ ·of a section of land in Keokuk county, and about the same time defendant bought the south ½ of the northwest ¼ of the same section. One Misel owned the northeast ¼ and also the northwest ¼ of the southeast ¼ of the section, and one Sherman owned the north ½ of the northwest ¼. There were then, and are now, public highways on the north, south, and east ·sides of the section. When defendant purchased his first ·80-acre tract, he had no outlet to any of these highways; and ·shortly thereafter he purchased of Misel a strip two rods wide off the northwest ¼ of the northeast ¼, and two rods ·out of the northwest corner of the southwest ¼ of northeast ¼ of the section for a road. This secured him an outlet from his dwelling, which stood near the center of his farm, to the highway at the north line of the section. At this time the north ½ of the northeast ¼ of the section was timber land and unfenced; and, instead of following the strip purchased of Misel, he traveled in a northeasterly direction across Misel's land to the highway.. In the year 1876 defendant pur·chased of Misel the whole northeast ¼ of the section, and af·terwards fenced it, putting in a gate at the north end of the ·strip he had purchased for a road. Afterwards he purchased more land, and is now the owner of the north ½ of the section, except the strip owned by plaintiff. About 17 years ago he

built a new house near the northeast corner of the section,
and near the public highway on the north and east sides of
his land. In the year 1873 Myerdick, who is plaintiff's
grantor, purchased of Misel a strip for a road off the west
side of the southwest ¼ of the northeast ¼ of the section, the
north end of which adjoins the south end of the strip first
purchased by defendant. He had no outlet to the highway,
however, save as he used the highway previously purchased
by plaintiff. There is a gate at the south end of the strip,
that had been maintained by plaintiff and his grantor. For
many years defendant has maintained a fence on the west
side of the strip purchased by plaintiff's grantor, and for
three or four years has had a fence running from the north
end of the strip to the east side of his farm. Near the junc-
tion of the two strips defendant has recently erected a gate
in this east and west fence, which gate is the obstruction
complained of as we understand it.

From this statement it will be seen that, if conditions
remain as they are, plaintiff is required to pass through
three gates to reach the public highway to the north, if he
follows the strip of land purchased for road purposes. The
action is to remove the fences and gates obstructing plaintiff's
passage over and along the strips of land originally pur-
chased for road purposes, under claim that he (plaintiff)
has a prescriptive right to a private way over the land orig-
inally purchased by defendant for a private outlet to the
highway. There is no claim of private way by necessity or
by grant, and, if plaintiff has any right to the way, it is by
reason of adverse user of the same for the statutory period.
To establish a prescriptive right of way, it is not enough to
show user alone. The fact of adverse possession must be es-
tablished by evidence distinct from and independent of
the use, and it must also appear that the person against whom
the claim is made had express notice thereof. Code, section
3004; *State v. Mitchell,* 58 Iowa, 567; *Zigefoose v. Zige-
foose,* 69 Iowa, 391; *Gray v. Haas,* 98 Iowa, 502. There

must, therefore, be independent evidence of claim of a private right of way over the defendant's land as of right, and of knowledge thereof on the part of defendant. The record shows user for the statutory time, but this use seems to have been with defendant's permission, and without claim of a right of way in hostility to the owner. Such use will never ripen into a claim of adverse possession. The purchases of the two strips by defendant and plaintiff's grantor were distinct and independent transactions, and, while the parties acquired title thereto from the same grantor, the purchases were not so connected as to show that either was making any claim to the strip purchased by the other. It is not customary to set out the evidence on which we base our findings, and it is sufficient to say in conclusion that we think the use was permissive and without claim of right. The case will be reversed for a decree in harmony with this opinion, or, at defendant's option, he may have a decree dismissing plaintiff's petition entered in this court.—REVERSED.