J. O. McBride, Appellee, v. Fleming Bair, Appellant.

Boundaries: LOCATION BY SURVEY: ACQUIESCENCE. Agreement .to abide by the result of a survey is immaterial to the establishment of a boundary line, where the parties have acquiesced in the location of a division fence constructed on the line located by the surveyor.

Boundaries: ACQUIESCENCE. Acquiescence in a defined division line up to which adjoining owners have occupied and cultivated

their lands for more than ten years will fix the true boundary between them.

**Easement:** ADVERSE POSSESSION. Mere user of a right of way over the land of another will not create a prescriptive right therein, even though with consent of the owner; there must also be a claim of right.

**Prescription:** EVIDENCE. Evidence tending merely to establish a license to use a passageway is immaterial on the question of a prescriptive right therein, but though not competent on the issue of prescription its admission was without prejudice.

*Appeal from Keokuk District Court.*— Hon. B. W. Preston, Judge.

Thursday, June 6, 1907.

Suit to enjoin defendant from the removal of a gate. Decree was entered as prayed, from which defendant appeals.— *Reversed.*

*Stockman & Hamilton,* for appellant.

*C. M. Brown,* for appellee.

Ladd, J.— The plaintiff has been the owner of the southeast quarter of section eleven since 1861. One Cravens then owned the southwest quarter of the same section. They constructed a line fence between these quarters, which marked the boundary until 1903. In 1871 plaintiff purchased the northwest quarter of section 14, and in the same year constructed a passageway between it and the southeast quarter of section eleven, by erecting a fence about two rods long across the corner of Craven's land, and a twelve-foot gate from the supposed quarter section corner to this fence. Subsequently Cravens conveyed the southwest quarter of eleven to one Schotts, of whom the defendant acquired title about eighteen years ago. Throughout this period the defendant and his grantors have maintained the south half of the fence between the quarters in section eleven, and the

plaintiff the north half.   The north half was a hedge, and, not being entirely satisfactory, plaintiff in 1903 contemplated the erection of a post and wire fence instead.   Before doing so the line was surveyed, with the result that the existing fence was found to be two or three feet east of the line designated as the true boundary by the surveyor.   The new fence was placed on the last line; defendant acquiescing therein. Soon thereafter, however, he caused the passageway to be closed by removing the diagonal fence and gate extending the fence between the sections to the north and south line. After plaintiff had replaced the passageway fence, and defendant had restored his fence, this action was begun, in which plaintiff asked that defendant be restrained from interfering with said passageway, and be directed to remove the posts and wire placed therein, obstructing the same.

I.   As defendant acquiesced in the location of the new fence on the line designated by the surveyor, it is immaterial whether he agreed to abide the result of the survey or not. He is not complaining of the line as so established.   In so far as he was in any way connected with such survey, the sole purpose was to ascertain the true line between the quarters in section eleven; the section line not being mentioned.   The plaintiff testified that in talking of building the new fence defendant said: " There was nothing to show where the line is.   He says let us have a surveyor and get the corners.   Let it go where it will."   The defendant denies this; but, if true, it had no reference to the line between the sections, for the corners were to be located only for the purpose of establishing the north and south line.

1. Boundaries: location by a survey: acquiescence.

Conceding the new fence to mark this, it does not follow that the east and west line is other than where the fence has marked the boundary for the twenty-five years last past.   Indeed, plaintiff testified that " this other fence had been there for at least twenty-five years, so that the passageway was across Mr. Bair's

2. Boundaries: acquiescence.

land." The fence between the southwest quarter of section eleven and the northwest quarter of section fourteen had been maintained for so long a time, and the respective quarters so occupied, that it must be accepted, under the doctrine announced in *Miller v. Mills County,* 111 Iowa, 654, and numerous cases since, as marking the true boundary between them.

II. The passageway, then, is across the defendant's land, even though the surveyor might have thought the quarter section corner somewhat south of the line established by long acquiescence, and the only remaining question is whether title thereto or an easement therein has been acquired by adverse possession.

3. Easements: adverse possession.

It had been maintained by plaintiff for thirty-three years, but, as we think, without claim of right or title. Under section 3004 of the Code, the use of an easement " cannot be admitted as evidence that the party claimed the easement as his right but the fact of adverse possession shall be established by evidence distinct from and independent of its use and that the party against whom the claim is made had express notice thereof." If the testimony of plaintiff concerning a conversation with Cravens be rejected because of his incompetency, then there is no evidence save of long use to establish the right of way by prescription. Undoubtedly, defendant and those under whom he claims knew of the use, but user and knowledge thereof is not enough. There must have been a claim of right, independent of user, of which defendant or those under whom he holds had express notice. *Friday v. Henah,* 113 Iowa, 425; *State v. Birmingham,* 74 Iowa, 408; *Shrimper v. Ry.,* 115 Iowa, 35. Aside from mere user, the record contains no evidence of any claim whatever to this passageway.

Plaintiff, when on the witness stand, testified that before buying the last quarter he asked Cravens, if he should buy it, he would let him have a passageway through, and that Cravens responded that he " would be glad to, as it

would prohibit stock from bothering him." This evidence was objected to on the ground that, as Cravens had departed this life, the witness was incompetent, under section 4604 of the Code. Without passing on the objection, it is to be observed that the evidence tended merely to show the granting of permission or license to cross the land, and there is nothing in the record to indicate that occupancy was by any other right. If the occupation was by virtue of this license, it was subject to revocation at any time, and plaintiff acquired no title. *Friday v. Henah, supra;* 14 Cyc. 1151.

**4. PRESCRIPTION: evidence.**

We discover no ground for permitting plaintiff to continue in the occupancy of defendant's land against his will, and therefore must direct the dissolution of the injunction decreed by the district court.— *Reversed.*