MAGGIE P. WEBSTER, Appellant, v. THE SHRINE TEMPLE
    COMPANY and others, Appellees.

**Boundaries:** ADVERSE POSSESSION.  Mere possession by a lot owner
1  of adjacent land with no intention of asserting title beyond
    the true boundary does not constitute such adverse possession
    as will ripen into title.

**Same:** ACQUIESCENCE: BURDEN OF PROOF.  A boundary line may be
2  established by acquiescence, but where the claimed line differs
    from the true boundary the burden is upon the one asserting
    the claim of acquiescence to show that the same has been rec-
    ognized by both parties as the true line for the statutory period.
    Evidence held insufficient to show acquiescence.

*Appeal from Polk District Court.*—HON. HUGH
                BRENNAN, Judge.

TUESDAY, SEPTEMBER 22, 1908.

REHEARING DENIED SATURDAY, FEBRUARY 20, 1909.

ACTION to determine a disputed boundary line and
quiet title.  Decree for defendants, and plaintiff appeals.
—*Affirmed.*

*Sullivan & Sullivan* and *Dunshee & Dorn,* for appel-
lant.

*Read & Read* and *C. L. Nourse,* for appellees.

WEAVER, J.—The plaintiff is the owner of the south
half of lot 1 in block 4 in Holcomb's addition to Des
Moines.  The defendant Shrine Temple Company is in
possession of the north half of said lot under a contract

of purchase from the First Methodist Episcopal Church
of Des Moines, which for many years prior to April, 1905,
had occupied and used it as a site for its church building
and parsonage. The lot as platted has a frontage of sixty-
six feet and depth of one hundred and thirty-two feet,
the evidence tends to show that in actual measurement it
is somewhat in excess of the width named. The deeds in
the line of the plaintiff's title describe her property as the
south half of the lot, and in the line of the defendants'
title as the north half thereof, and in neither case is the
width of the property conveyed expressly mentioned.
Plaintiff and her grantors have for many years occupied
the south half of the lot as residence property. The par-
sonage building on the north half stands at or near the
south line of the church property, and for some years
a fence has extended from the east front of the lot to a
point near the southeast corner of the parsonage building,
and from at or near the southwest corner of said build-
ing to the west end of the lot. It is claimed by the plain-
tiff that these fences and the eaves line of the parsonage
mark the division between the two tracts, and this division
or boundary she claims has been established and deter-
mined by adverse possession and by the acquiescence of
all parties in interest for more than ten years. The trial
court found against plaintiff on both propositions, and she
appeals.

I. Cases of this general character have been so fre-
quently before the courts, and the law governing them is
so well settled, that we do not deem it proper to consume
the time or space to review them. The only
debatable propositions presented by the ap-
peal are those of fact, and nothing is to be
gained by an extended statement of the testimony. We
have first to inquire whether there is any showing of facts
on which the court can uphold the claim of adverse pos-
session. An examination of the record leads us to agree

1. BOUNDARIES:
adverse
possession.

with the trial court that this inquiry must be answered in the negative. The plaintiff, testifying as a witness, expressly admits that she never at any time intended to make any claim to the property other than such as belonged to her, and that she claimed up to the alleged boundary because she believed and supposed it to be the correct line. Under the rule established in this State, possession thus taken and held by mistake, and without intention to assert title beyond the true boundary, is not adverse, and, without more, never ripens into title. See *Miller v. Mills County,* 111 Iowa, 654, and cases there cited. Moreover, the conduct of the plaintiff on the one hand and the church authorities on the other, as developed in the testimony, tends strongly to rebut the theory that plaintiff and her grantors made any claim of right or title to the property, except so much thereof as was included within the true boundaries of the tract described in their deeds.

II. The only other question to be considered is whether the plaintiff has shown such acquiescence in the line marked by the fences and the eaves line of the parson-

2. SAME: acquiescense: burden of proof.

age as will entitle her to a decree under our statute. For the purposes of this case it may be admitted that, if the plaintiff has succeeded in showing that the owners of the property on both sides have recognized and acquiesced in the line to which she now claims for a period of ten years or more, she is entitled to the relief demanded. But in our opinion the evidence does not bear out her contention. The fences to the east and to the west of the parsonage were not constructed to coincide with the extension of the eaves line which plaintiff claims marks the boundary. At the southeast corner of the parsonage there was an open passageway, and at the southwest corner a gateway, giving the occupant of the north half of the lot entrance to the strip now in dispute. The parsonage, which was originally built further to the north, was latter moved to the

south and so located as to project southward beyond the line of the fence. During the years since the fence was built the occupants of the north half of the lot appear to have used and claimed the right to use the disputed strip, or parts thereof, and have exercised that right. I. N. Webster, who at one time held the title to the south half and is the principal witness for plaintiff, being asked whether persons representing the church during the last twenty or twenty-five years came over on the south side of the fence to paint and make repairs, replied: "Yes, sir; they used it just as though it was theirs. I have been furnishing a lot there for the last twenty-five years." Other indications are not wanting that the fence was mutually regarded as a merely tentative line; the location of the actual line having never been definitely ascertained. The burden was upon the plaintiff to show the necessary acquiescence, and we are satisfied that in this she has failed.

The surveys made and shown in evidence indicate that the true line is at the point fixed by the trial court, and the decree appealed from is *affirmed*.