CLIFFORD A. AUSTIN, Appellant, v. E. A. E. BAXTER, Appellee.

**EASEMENT:** Naked Use. *Naked use* of land as a road, with the 1   consent of the owner, howsoever long continued, will not ripen into an easement.

**ADVERSE POSSESSION:** Possession in Excess of Calls of Deed. 2   Possession of land called for by a deed furnishes no basis, of itself, for a claim of adverse possession of land outside the calls of the deed.

*Appeal from Hamilton District Court.*—R. M. WRIGHT, Judge.

FEBRUARY 17, 1920.

REHEARING DENIED JULY 6, 1920.

A DISPUTE over a dividing line between lot owners. Opinion states the facts. Decree for the defendant in the court from which the appeal is taken. Plaintiff appeals.—*Reversed and remanded.*

*Wesley Martin,* for appellant.

*Chase & Chase,* for appellee.

GAYNOR, J.—This action involves a dispute as to the boundary line between a lot owned by plaintiff and a lot owned by defendant. Plaintiff's lot is 132 feet east and west, and 132 feet north and south. Defendant's lot joins

plaintiff's on the west, and is 66 feet east and west, and 132 feet north and south. In plaintiff's deed, his lot is described as follows:

"A parcel of ground located in the southeast corner of the north fractional half of the northeast quarter of Section 2, Township No. 88, Range No. 26, commencing 165 feet west of the southeast corner, thence west 132 feet, north 132 feet, thence east 132 feet, thence south 132 feet to place of beginning."

Defendant's lot is described:

"Commencing 29 feet north of a point commencing 297 feet west of the southeast corner of the north fractional half of the northeast quarter of Section 2, Township 88, Range 26, West of the 5th P. M. thence running north 132 feet to the south line of Division Street, extending west 66 feet, thence south 132 feet, thence 66 feet to place of beginning."

For a better understanding of the situation of these properties, and the point from which the measurement is to be made, as indicated in the deeds, we submit herewith a plat.

The controversy is over 7 feet of ground between the plaintiff's and defendant's lots, as shown on the plat. This 7 feet is west of what appears on the plat as the iron stake at the south and the old wood stake on the north. It will be noted that, in the deeds of each, the starting point of measurement in locating the tracts is on the east line of Section 2. On the plat is a round mark, indicating a stone. This marks the southeast corner of the north fractional half of the northeast quarter of Section 2, and is on the east line of said section. South of the tract from which the land in question is taken, is a country road, not marked on the plat. North of the tract from which the land in question is taken, is Division Street, mentioned in defendant's deed; and on the east, Beach Street. Beach Street, as originally laid out, was only 40 feet wide, and was taken off what was then known as Railroad Addition. Later, Beach Street was widened to the west, 26 feet, thus making Beach Street 66 feet wide. The plat shows measurements made by the engineer, appointed by the court as commissioner, to make the survey and ascertain the true boundary line. It will be noticed that plaintiff's land starts at a point 165 feet west of the east line of Section 2, and extends 132 feet west; that defendant's land starts at a point 297 feet west of the east line of Section 2, and extends 66 feet west; that the west line of plaintiff's land is 297 feet west of the east line of Section 2; and that the west line of defendant's land is 363 feet west of the east line of Section 2. Thus, by these measurements, it is made to appear that defendant had 66 feet west of the iron stake, his full quantum, and that, to give the plaintiff his full quantum of land, the west line of his lot must extend 7 feet west of the iron stake. These measurements are shown to be correct. They are made from the point indicated in the deed; so we say that, by actual measurements, made by competent surveyors, it appears that plaintiff's west line is 7 feet west of the iron stake, and defendant's east line is 7 feet west of the iron stake, and that the true line between plaintiff's land and the defendant's land is 7 feet

west of the iron and the wooden stakes indicated on the plat.

Defendant, however, pleads and contends that he has acquired that 7 feet by acquiescence, or by adverse possession. The burden is on him to show this. As the measurements made by the engineer negative defendant's claim that his lot extends east to the iron stake, nothing is left for him except to say that plaintiff has lost his right to this 7 feet by adverse possession and acquiescence. It is to these contentions that we will address ourselves.

1.  EASEMENT: naked use.

This action was brought by the plaintiff to enjoin the defendant from interfering with him in the use of this 7 feet. He alleged that a dispute exists between him and the defendant as to the true line. A commissioner was appointed to make a survey. He did this, and reported to the court that the true line was 7 feet west of the iron stake, and furnished the court the plat, a copy of which is herein set out. This plat shows, without any question, where the true line is; and the true line must govern, and the rights of the parties must be governed by these measurements, unless it is made affirmatively to appear that the plaintiff has lost some of his rights by reason of acquiescence or adverse possession.

The record shows that plaintiff's lot was unoccupied; that, some time during the years preceding plaintiff's purchase, a fence had been erected between the lands now owned by the plaintiff and the defendant. The house on defendant's lot was located west of what the record shows to be the true line. A narrow walk was built along the east side of defendant's house. Some posts found indicated that, at some time, a fence had existed between these properties, but it was located west of the 7-foot strip in dispute. This 7-foot strip was not enclosed by this fence, either by defendant or his grantor, as a part of defendant's lot. A fence in front of the house was so constructed that it terminated 7 feet west of the iron stake, and did not extend over this 7 feet. The only basis upon which plaintiff can

now rest a claim of adverse possession or acquiescence is that, in entering his lot, he and his grantors drove over this 7-foot strip; that he and his predecessors did this for a great many years. But the record shows that the land east of the plaintiff was unoccupied; that other parties drove over this same way from what is known as the "country road," up to Division Street. All that is shown is that nobody objected to their so doing. There is no showing from which the inference could be drawn that the owners of plaintiff's lot, or the owners of any of the land east of defendant's, acquiesced in their so doing. Mere user is not sufficient to create an easement or a right in the user. Section 3004 of the Code of 1897 provides:

"In all actions hereafter brought, in which title to·any easement in real estate shall be claimed by virtue of adverse possession thereof for the period of ten years, the use of the same shall not be admitted as evidence that the party claimed the easement as his right, but the fact of adverse possession shall be established by evidence distinct from and independent of its use, and that the party against whom the claim is made had express notice thereof; and these provisions shall apply to public as well as private claims."

See *State v. Birmingham,* 74 Iowa 407; *Brown v. Peck,* 125 Iowa 624; *Friday v. Henah,* 113 Iowa 425; *McBride v. Bair,* 134 Iowa 661; *O'Malley v. Dillenbeck Lbr. Co.,* 141 Iowa 191. As said in *O'Malley v. Dillenbeck Lbr. Co.,* supra:

"The mere use of such way by the public, however long continued, cannot be construed as adverse to the owner of the title. That a highway may be dedicated by parol, without deed or other written evidence thereof, is to be admitted; but it is a cardinal principle of the law on this subject that the intent to dedicate must clearly appear, and the acts and circumstances relied on to prove such intent must be unequivocal and convincing."

That case, of course, dealt with dedication. In *Brown v. Peck,* supra, it was said:

"Under the present statute in this state, adverse posses-

sion cannot be predicated upon proof merely of use. It must be established by evidence, independent of the use, that the party claimed the easement as his right. And the party against whom the claim is made must have had express notice thereof."

In *McBride v. Bair,* 134 Iowa 661, it was held that the mere user of a right of way over the land of another will not create a prescriptive right therein, even though with the consent of the owner; that there must also be a claim of right. It was said in that case:

"Undoubtedly, defendant and those under whom he claims knew of the use, but user and knowledge thereof is not enough. There must have been a claim of right, independent of user, of which defendant or those under whom he holds had express notice. * * * Aside from mere user, the record contains no evidence of any claim whatever to this passageway."

It further appears affirmatively that, when the defendant took possession of his lot, he did not claim more than was called for by his deed, and does not now; but insists that

2. Adverse Possession: possession in excess of calls of deed.

this 7-foot strip is covered by his deed. He claims but 66 feet; and that much he has, outside of the land in dispute. To make his possession adverse, his claim must be as broad as possession. The fact that he used more than he claimed does not make his occupation adverse. See *Grube v. Wells,* 34 Iowa 148; *Mills v. Penny,* 74 Iowa 172; *Fisher v. Muecke,* 82 Iowa 547; *Goldsborough v. Pidduck,* 87 Iowa 599; *Webster v. Shrine Temple Co.,* 141 Iowa 325; *Keller v. Harrison,* 151 Iowa 320; *Griffin v. Brown,* 167 Iowa 599, 608.

There certainly is no evidence of any claim made public, aside from user, that the defendant was claiming any other right than was indicated by the mere use. There is no evidence of any notice to the owner, or knowledge on the part of the owner of the land east, that plaintiff was claiming a right to any portion of the land not covered by his deed. One who takes possession of land is presumed to

take and claim within the limits of the right which the instrument itself creates. If he claims beyond the limits of his deed, there must be something to indicate that claim to those against whom adverse rights are urged; and we have nothing in this record indicating notice of such claim. The deed to the defendant gave him no color of title to any property outside the limits of his deed, and he never did anything that came to the knowledge of anyone adversely interested, showing that he claimed more than was given him by his deed. He could not honestly claim more. A claim of right cannot rest alone on mere possession or secret claims. It must be evidenced by some declaration or act of hostility to the true owner. It is true, that it need not be manifested by words, but there must be some manifestation of an intent to make a hostile claim. The mere use, under the circumstances shown in this case, does not make manifest such an intent. See *Griffin v. Brown,* supra.

On the whole record, we think the court was wrong in holding that there was no equity in plaintiff's contention, and in dismissing plaintiff's bill. The record conclusively shows that the defendant's deed did not cover the land in dispute. The record abundantly shows that the calls in plaintiff's deed did cover the land in dispute; that the true line between plaintiff and defendant is approximately 7 feet west of the iron stake shown in the plat, and there is no sufficient evidence to support adverse possession or acquiescence. The case is reversed and remanded, with direction to enter a decree in accordance with this opinion.— *Reversed and remanded.*

WEAVER, C. J., LADD and STEVENS, JJ., concur.