O. A. MANNING, Appellant, v. MIKE GEORGE et al., Appellees.

April 3, 1928.

*P. E. Ritz*, for appellant.

*Mears, Lovejoy, Jensen & Gwynne*, for appellees.

Evans, J.—Lot No. 6 in a certain Block 59 in Waterloo is 60x140 feet in dimensions. It fronts south upon Jefferson Street for its full width of 60 feet. It abuts also, for its dimension of 140 feet, upon the east line of West Eleventh Street, which is a north and south street. That is to say, this lot is situated at the southwest corner of Block 59, and touches the intersection of Jefferson and West Eleventh Streets at its northeast corner. In 1908, the plaintiff and his brother, D. J. Manning, severally acquired the south 70 feet of this lot. D. J. Manning acquired a frontage on Jefferson Street of 22 (plus) feet, and a side front upon West Eleventh Street of 70 feet; whereas the plaintiff acquired a frontage of 37 (plus) feet on Jefferson Street, extending north to a depth of 70 feet. Plaintiff's Exhibit 1, here following, will aid in an understanding of the *locus quo*:

Shortly after their acquisition, the two brothers built a building 50x50 feet, which contained two store rooms, each fronting on Jefferson Street, and each located respectively on the several property of the two owners. The frontage of the D. J. Manning store was 22 (plus) feet, and that of the plaintiff was 27 (plus) feet. This left a 10-foot strip belonging to the plaintiff along the east side of his store. On the north of this double building was an area approximately 20 feet deep, for the full width of the building. On this area, next to the north end of the building, were constructed stairways into the basement, and a sidewalk. The easement claimed by the plaintiff is a

PLAT OF SURYEY SHOWING THE IMPROVEMENTS ON THE LOT AT THE N.E. CORNER OF JEFFERSON ST. AND WEST ELEVENTH ST., WATERLOO, IOWA.

NOTE: ROUGH UNEVEN LINES INDICATE MAIN LINES OF VEHICLE TRAVEL.

right of roadway over the unoccupied portion of the D. J. Manning lot lying to the north of the rear sidewalk. The open space in the rear of both buildings was used by delivery wagons in receiving and delivering goods for both stores. The claim of the plaintiff is that he used that part thereof on his brother's lot for the purpose of travel thereover, and that he had continued to use it under claim of right for the period of limitation, and had acquired an easement thereby. He contends that his use thereof and the circumstances attending such use were such as to indicate his claim of right, and such as to impart notice to the successive owners of the property of such claim of right, and that he thereby established a prescriptive right. The disputed question presented is largely one of fact. The question is whether the plaintiff had anything more than a permissive use of this area, acquiesced in by the successive owners as a mere friendly act on their part; or whether he in some manner acquired a right, or believed that he had acquired a right, to such use, and that in such use he was asserting his right in such manner as to give notice to the owner of the title. The district court found against him on this issue, and a careful reading of the evidence satisfies us that the plaintiff established nothing more than' neighborly permission on the part of the successive owners of the property. Section 10175 of the Code of 1924 provides as follows:

"In all actions hereafter brought, in which title to any easement in real estate shall be claimed by virtue of adverse possession thereof for the period of ten years, the use of the same shall not be admitted as evidence that the party claimed the easement as his right, but the fact of adverse possession shall be established by evidence distinct from and independent of its use, and that the party against whom the claim is made had express notice thereof; and these provisions shall apply to public as well as private claims."

The deficiency in the plaintiff's case is that, though he has established abundant use of the premises, with like use thereof by the fee-owner, he has not established, by other evidence than the use, that he was at all times exercising such use under an assertion of right, as distinguished from friendly permission; nor has he established by any other evidence that the fee-owner had "express notice thereof." It does appear that, when the building was built, the area to the rear thereof had a considerable

excavation therein, and that this was filled up with cinders and other material by the joint efforts of the two brothers. The surface of the ground was leveled off, and made suitable for the use already indicated. This is substantially the only evidence in the record, apart from the use, which has any tendency to show any claim of right on the part of the plaintiff. It is true that, shortly before he began his suit, the plaintiff did assert his right to an easement in the property. But this of itself would not avail him. In establishing his prescriptive right, it was essential to him that he should show such claim of right on his part, and notice thereof, to have existed during the full period of limitation. His assertion of right made immediately before beginning his suit was predicated upon the claim that he had occupied it for the period of prescription; whereas such period of prescription would not begin to run until such claim of right was made, and notice thereof had. D. J. Manning was used as a witness by the plaintiff. His testimony disclosed nothing more than friendly conduct between the two brothers in the common use of the area lying at the rear of the building. This witness testified expressly that there never had been any talk between him and his brother on the subject, nor any express permission given. Each acquiesced at all times apparently in the conduct of the other in the use of such area. D. J. Manning sold his property in 1911 to McMillan, and made no reservations whatever in the nature of his title. He sold to the full depth of 70 feet. McMillan was called as a witness by the plaintiff. The substance of his testimony is that he permitted the use of the area by the plaintiff as a neighborly act, and that he never knew or supposed that any claim of right was asserted. McMillan sold in 1919 to Hanson. From that date, the property passed through a succession of three or four owners. The plaintiff never had any contact with any of these, either by conversation or otherwise, except with the present owner, Mike George, who purchased the property in May or June, 1927, and who had occupied the property as the tenant of his grantor for two or three years previous.

It appears that, about five years ago, the plaintiff purchased the north half of said Lot No. 6, which abuts upon the alley on its north line. On this north half, the plaintiff erected a filling station. The travel to and from the filling station

appears upon the plat to cut the northwest corner of the area in dispute. It is argued that such area has become a necessity to the filling station. The contention is not tenable. The plaintiff is now the owner of the entire lot, extending from Jefferson Street to the alley, except that part thereof now owned by the defendant George.

The law of easement acquired by prescription is quite definitely settled in this state. Its various phases have been fully discussed by us in *Ott v. Freese,* 197 Iowa 528; *Austin v. Baxter,* 189 Iowa 138; *Young v. Ducil,* 188 Iowa 410. We see no occasion to repeat the discussion. The following excerpt from the last cited case (page 416) has a pertinent application to the case before us:

"Mere proof of use, therefore, is not sufficient. The use may be permissive only. To invest the plaintiff with a right to a continued use, he must show something more than use for the statutory period, and two things more are essential: (1) That he claimed an easement as his right, and this must be established by evidence distinct from and independent of its use; and (2) that the party against whom the claim is made had express notice thereof,—that is, not of the use, but of the claim of right to use against the objections or protest of the owner. A right that starts permissively, and is not claimed as a right independent of permission, does not start the running of the statute."

We are of opinion that the district court properly dismissed the petition.

Its decree is, accordingly,—*Affirmed.*

All the justices concur.