L. C. CULVER, Appellee, v. C. C. CONVERSE, Appellant.
No. 39405.

APRIL 2, 1929.

*Johnston & Shinn*, for appellant.

*Vander Ploeg, Hays & Heer*, for appellee.

WAGNER, J.—The appellant's farm, the major portion of which is in Marion County, the remainder thereof lying adjacent thereto, in Mahaska County, consists of approximately 228 acres. It is intersected by a slough, or the old bed of the Des Moines River. This slough extends from a southwesterly to a northeasterly direction, leaving the larger portion of appellant's farm to the south thereof. Appellee's farm adjoins the appellant's farm on the east. Some distance west of appellant's

farm is a public highway, and between said road and the western boundary of appellant's farm is land belonging to others. The roadway in question extends from the public highway a distance of approximately three quarters of a mile, to the west line of appellee's farm.

In his petition, the appellee alleges that the nearest public highway to his land is approximately three quarters of a mile west, and that for more than 30 years there has been a roadway extending in a northeasterly direction along the south side of the slough of the Des Moines River and crossing the land of the appellant; that the appellee and his grantors, as a matter of right, for more than 25 years openly and notoriously used said roadway as a means of ingress and egress to and from his farm, until recently, when the appellant closed said roadway and refused him the right to pass over the same. He asks that the appellant be permanently enjoined from interfering with him in the use of said roadway.

The appellant, in his answer, avers that the appellee and others have been at various times permitted to drive over his land, but denies that the appellee or any other person has any right to so use the same, and avers that such use of the roadway as has existed, has been by permission only; that neither the plaintiff nor any other person has ever claimed the right to travel over his land until about the time this suit was started; and that he has never had any knowledge or notice that the appellee or any other person ever claimed any right to travel over his land, until the beginning of this action; that there is no right of way, public or private, over his land, as claimed by the appellee; that for more than 40 years he and his successive grantors of record have been in the absolute, undisputed possession of the land in controversy, under color of title and claim of right, and have paid all taxes thereon.

At the time of the trial, the appellee filed an amendment to his petition, alleging, in substance, that for more than 40 years there has been a highway extending along the south side of the old river bed, or slough, across appellant's farm, which highway has been used openly, notoriously, and continuously by the general public and under open claim of right during said time; and that during said time the appellant and his grantors have recognized the rights and claims of the public to said high-

way. The appellant, by way of answer to said amendment, denied the same.

There is no evidence of any contractual arrangement, as between appellee, or his grantors, and the appellant and those through whom the latter claims; neither does the appellee claim an establishment of a public highway by statutory procedure. His claims must be that the roadway in question is either a private right of way, to which he is entitled by reason of adverse possession, or that the said roadway is a public highway, established by either prescription or common-law dedication. Therefore, the questions for our determination are: Has the appellee established that the roadway in question is a private right of way or easement to which he is entitled by reason of adverse possession, or has he proven the establishment of a public highway by either prescription or common-law dedication?

The doctrine announced by our cases is that a dedication of lands for a public highway may not be predicated on anything short of deliberate, unequivocal, and decisive acts and declarations by the owner, manifesting a positive and unmistakable intention to permanently abandon his property to the specific public use. *Jones v. Peterson*, 178 Iowa 1389; *Young v. Ducil*, 188 Iowa 410; *Dugan v. Zurmuehlen*, 203 Iowa 1114; *Bradford v. Fultz*, 167 Iowa 686; *De Castello v. City of Cedar Rapids*, 171 Iowa 18.

"The intention of the owner to set apart the lands for the use of the public as a highway—the *animus dedicandi*—is the fundamental principle, the very life of dedication." *Davis v. Town of Bonaparte*, 137 Iowa 196.

In, order to constitute a dedication, the evidence must be clear, satisfactory, and convincing, and the acts proved must not be consistent with any other construction than that of dedication; and the same rule applies to the acceptance of the dedication. *Dugan v. Zurmuehlen*, 203 Iowa 1114. Mere permissive use of a way, no matter how long continued, will not amount to a dedication. The user is presumed to be permissive, and not adverse. *Dugan v. Zurmuehlen*, supra.

The claims of the appellee to either a private right of way or easement by adverse possession, or to a public highway by prescription, are controlled by our statute, Section 10175 of the Code of 1927, which provides:

"In all actions hereafter brought, in which title to any easement in real estate shall be claimed by virtue of adverse possession thereof for the period of ten years, the use of the same shall not be admitted as evidence that the party claimed the easement as his right, but the fact of adverse possession shall be established by evidence distinct from and independent of its use, and that the party against whom the claim is made had express notice thereof; and these provisions shall apply to public as well as private claims."

In *Young v. Ducil*, 188 Iowa 410, we declared:

"Mere proof of use, therefore, is not sufficient. The use may be permissive only. To invest the plaintiff with a right to a continued use, he must show something more than use for the statutory period, and two things more are essential: (1) That he claimed an easement as his right, and this must be established by evidence distinct from and independent of its use; and (2) that the party against whom the claim is made had express notice thereof,—that is, not of the use, but of the claim of right to use against the objections or protest of the owner. A right that starts permissively, and is not claimed as a right independent of permission, does not start the running of the statute."

In *Dugan v. Zurmuehlen*, supra, we said:

"Prescription is an adverse holding under color of title or claim of right."

In *Manning v. George*, 205 Iowa 994, we declared:

"The deficiency in the plaintiff's case is that, though he has established abundant use of the premises, with like use thereof by the fee-owner, he has not established, by other evidence than the use, that he was at all times exercising such use under an assertion of right, as distinguished from friendly permission; nor has he established by any other evidence that the fee-owner had 'express notice thereof.' "

In *McBride v. Bair*, 134 Iowa 661, we made the following pronouncement:

"Undoubtedly, defendant and those under whom he claims knew of the use, but user and knowledge thereof is not enough. There must have been a claim of right, independent of user, of

which defendant or those under whom he holds had express notice.''

In *Jones v. Peterson*, supra, we made the following pronouncement:

''Giving the evidence its utmost legitimate effect for the defendant, it shows no more than a long continued use of the alleged easement; but this does not fill the requirement that the adverse possession 'shall be established by evidence distinct from and independent of the user.' Laying aside such evidence, as we are by the statute [now Section 10175] compelled to do, what is there left to show an adverse possession? Or even if we concede that an adverse possession might otherwise be found, how are we to avoid the effect of the statute that it must further be shown that the landowner had 'express notice' of the use, and of the claim of right, if any, under which the public was using the way over his land?'' ·

In *Friday v. Henah*, 113 Iowa 425, we find the following pronouncement:

''There must, therefore, be independent evidence of claim of a private right of way over the defendant's land as of right, and of knowledge thereof on the part of defendant. The record shows user for the statutory time, but this use seems to have been with defendant's permission, and without claim of a right of way in hostility to the owner. Such use will never ripen into a claim of adverse possession.''

In order to create a highway by prescription, there must be continued, uninterrupted, adverse use under a claim of right, known to the owner, for the statutory period. *Dugan v. Zurmuehlen*, supra; *Manning v. George*, supra. Many other authorities announcing the aforesaid principles could be cited.

To set out the evidence *in extenso* would unduly extend the length of this opinion. We will refer to so much thereof as irresistibly leads us to our conclusions. For more than 30 years, persons desiring to reach the land now owned by the appellee have crossed the farm of the appellant. The course traveled in crossing appellant's land has been at various places, from time to time: that is, the tracks traveled have varied at times as much as 100 or 150 feet. The appellee has owned his farm about

three years. It is shown that the track traveled since about 1912 is in a northeasterly direction along the slough, or old river bed of the Des Moines River. This track is much farther north than the track formerly traveled, and there is a deep ravine across this claimed roadway, that at times is difficult to cross. One of the witnesses for the appellee testified: "I think a part of the road has been cultivated." The testimony of the appellee is that, during the time he has owned his land, there has been some fence along the south side of the roadway, probably 28 to 40 feet from the slough; that it looks like an old fence, built many years ago; that, on the lower half, it has been tacked onto the trees, but on the upper half, there have been posts set; that the fence extended only from the county line west; that he supposed that the river washed it out; that there is wire lying there, and also old posts. One of the witnesses testified that there was a fence south of the road—a temporary fence, for pasture purposes. The track used for roadway between the fence and the slough is wide enough for a wagon, but not wide enough for wagons to pass at every place.

In *Davis v. Town of Bonaparte*, supra, we said:

"When attempt is made to create a highway by prescription, the highway is limited by the use. This marks its boundary and confines its breadth."

Gates have been continued across the roadway at various places. One of the witnesses, who formerly owned the appellee's farm, and has been conversant with the situation for more than 30 years, testified that, as long as he has known anything about this claimed roadway, there were gates used all of the time; that at times the gates were not used, but during the pasturing season, the gates were closed. It appears that there has always been a gate at the entrance to the appellee's farm; that there has also been a gate across the claimed roadway at the county line, or 40 rods west thereof, and that, during a large portion of the time, there was a gate where the claimed roadway enters the appellant's land from the west. These gates across the roadway are significant as to the claim of the appellee to a highway by reason of dedication and prescription. In *State v. Green*, 41 Iowa 693, we said:

"It seems to us that the existence of such gates and bars

alone sufficiently show that the public use was not under a claim of right, and that there was no intention to dedicate the traveled track as a public highway."

See, also, *Woodruff v. Langford* (Iowa), 115 N. W. 1020 (not officially reported).

The appellee's evidence tends to show that some work was done on the roadway in question. He testified: "They were down there with the county grader since I was down there" (meaning in the last three years). It is not shown that the work that he did, or the use of the grader, was under the direction of the road authorities. Another witness testified that, when he was road supervisor, about 35 years ago, he went down over it with a grader at one time,—just smoothed it up. It is not shown that this was done at public expense. The roadway at that time was 100 to 150 feet south of where it is claimed to be at the present time. In his cross-examination he says: "I do not think it has had a public grader on it." For aught that appears from the record, the work that has been done on the claimed roadway was done by the parties interested, of their own volition, or as a mere accommodation, and not at public expense. One of the township trustees, who has held office for 10 years, with the exception of 2 years between 4-year periods in office, testified:

"I have been down to this sort of a road or track that goes across the Converse land a couple of times. We never worked this, that I know of."

The appellant has paid the taxes upon his entire farm, including the roadway in question, and no deduction for taxation purposes for any highway, as claimed by the appellee, has been made. The appellant purchased his farm in 1918. The former owner, who resided on the farm for 35 years prior thereto, testified that he never knew of any person's claiming a right to cross that land; that he never knew of the public's claiming any such right. The appellant testified to the same effect.

The foregoing states enough of the testimony upon which to base our conclusions; it is insufficient to establish any of the claims of the appellee. The appellant is the owner of his farm, under both claim of right and color of title, and has paid the taxes upon the claimed roadway. The appellee has no color of

title, and is not shown to have any claim of right. No intention to dedicate the claimed roadway to public use is shown. The use of the same by appellee and others has been only permissive. The testimony falls far short of what is required under Section 10175 of the Code to establish a private right of way in the appellee, or a highway by prescription. The testimony establishes only the use of the roadway. There is no testimony independent of the use, of any claim of right in the appellee or the public; and even could it be said that there is such claim of right, there is no independent evidence that the appellant or his grantors had express notice thereof. The appellee must fail.

In *Grube v. Wells*, 34 Iowa 148, this court declared:

"The facts relied upon to constitute adverse possession must be strictly proved; they cannot be presumed. The law presumes that the possession of land is always under the regular title, and will not permit this presumption to be overcome by another presumption. There can be no such thing as conflicting legal presumptions."

Relative to appellee's claim of a highway by prescription, we have held that much stronger evidence is required in the case of a local or neighborhood road, like the roadway in question, than if it were a thoroughfare, or part of an acknowledged highway between towns, or leading to a town, and as such, constantly traveled. *Hougham v. Harvey*, 40 Iowa 634; *Onstott v. Murray*, 22 Iowa 457; *Dugan v. Zurmuehlen*, supra.

It is unnecessary for us to discuss the question as to whether or not the appellee is entitled to an easement by necessity. Under the record, that question is not involved. See *Cassens v. Meyer*, 154 Iowa 187; *La Plant v. Schuman*, 197 Iowa 466; *Teachout v. Duffus*, 141 Iowa 466.

Since we hold that the appellee has failed to establish a private right of way or easement in himself, or a highway by either dedication or prescription, the judgment and decree of the trial court granting the injunction is erroneous, and is hereby reversed.—*Reversed*.

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.