FRANK MERRITT et al., Appellants, v. GROVE PEET, Appellee.

No. 46929.

George C. Lawrence, of Anamosa, and E. A. Fordyce, of Cedar Rapids, for appellants.

George C. Gorman, of Cedar Rapids, for appellee.

OLIVER, J.—The ownership of the tract of land upon which is located the portion of the roadway here involved was acquired by appellants Frank Merritt and T. A. Merritt in 1934. Appellee's land adjoins this tract on the south and west. Appellants Don Minor and Fern Minor are tenants of appellants Merritt. For convenience the Merritts will be treated as sole appellants.

In 1931 the board of supervisors of Jones county decided to procure a gravel pit in appellee's land at a place about five hundred fifty feet west of appellants' land. Accordingly, Jones county condemned said gravel pit and a roadway thereto from a north-and-south highway. This roadway is 24 feet wide and about 1,880 feet long. Its west end is at the gravel pit. From said gravel pit the roadway runs east through appellee's land a distance of 550 feet to appellants' land and continues east an additional 1,330 feet through the south edge of appellants' land to said north-and-south highway.

In said condemnation proceedings the then owners of the land now owned by appellants made no claim for damages and were allowed none. Appellee was allowed and paid damages of $50 for road purposes; $83.40 for 139 rods of fencing; $133.33 for separation of a field, and $2,250 for the gravel pit of about two acres. In 1932 Jones county constructed upon said roadway a graveled road about 12 feet wide, with a bridge thereon over a creek in appellants' land and another bridge over a ditch at the entrance of the roadway to the north-and-south highway, which road and bridges since have been maintained by said county.

Prior to the condemnation appellee had a winding roadway over his own land, with a bridge across the creek some distance south of the new roadway, and this route had been used by him in going to various points on his farm and by his customers in hauling gravel from the pit. After the county constructed the graveled road upon the condemned roadway appellee used the new road in going to different points on his farm and later removed his own bridge. In 1936 appellee, who apparently had not engaged in the gravel business since the condemnation, opened a commercial gravel pit adjacent to the pit of the county, and thereafter his various customers used the roadway across appellants' land for hauling the gravel purchased from appellee. The roadway was used also by trucks hauling gravel for the county, county workmen at the county pit, the county road maintainer, county officials, spectators, and occasionally a salesman. Appellants and their tenants frequently used the part of the roadway on their land to cross the creek and on several occasions used appellee's portion of the roadway to haul gravel from his pit to their land.

In 1944 appellants learned appellee claimed the roadway was a public highway. November 20, 1944, they caused to be served upon appellee a notice, as provided by section 564.4, Code of 1946 (section 10178, Code of 1939), to prevent appellee from acquiring any right by the continuance of his use of said roadway. Appellants also advised appellee that unless he brought action authorized by section 564.8, Code of 1946 (section 10182, Code of 1939), to establish his right, appellants would bring suit to test the same.

Shortly thereafter appellants instituted this action praying that appellee be enjoined from using the roadway across appellants' land for purposes other than getting gravel for the improvement of streets and highways in Jones county and from inviting and causing others so to do. Appellee's answer asserted the roadway was originally established as a public highway; that it became a public highway by prescription and adverse possession and by dedication by appellants and their grantors, and that appellants are barred and estopped by the statute of limitations and their acts from securing the relief prayed.

It is our conclusion that none of appellee's contentions is well founded and that the trial court erred in denying appellants the relief prayed.

I. Appellee contends the roadway was condemned as and for a public highway. The statutes concerning the acquisition of gravel beds and roadways thereto appear in Codes of Iowa, 1931, 1935, 1939, and 1946, without material change. For convenience, reference will be limited to Codes of 1946 and 1939. Section 309.63, Code of 1946 (section 4657, Code of 1939), provides in part as follows:

"Gravel beds. The board of supervisors of any county may * * * purchase or condemn any lands for the purpose of obtaining gravel or other suitable material with which to improve the secondary highways of such county, including a sufficient roadway to such land by the most reasonable route * * * and * * * pay for the same out of the secondary road funds."

Section 309.64, Code of 1946 (section 4658, Code of 1939), provides that the procedure for the condemnation of land in the establishment of highways shall be followed in the condemnation of land in order to obtain gravel beds and a road thereto. The parties agree the condemnation was made under the power granted by said section 309.63, Code of 1946. The declared purpose of said statute is to obtain gravel, etc., to improve public highways. Counties are authorized to condemn gravel beds, including "a sufficient roadway" thereto. From the context it would appear "a sufficient roadway" means merely a roadway adequate for the transportation of the gravel from the pit to (usually) an established highway. This language does not suggest that such roadway is itself a public highway. Nor may such inference be properly drawn from the language of the following section, that the procedure for condemning land for highways shall be followed.

Section 306.2, Code of 1946 (section 4561, Code of 1939), provides that roads established by the board of supervisors shall be not less than 40 feet wide. This roadway is only 24 feet wide, but its establishment was not in violation of said section because there is no statutory minimum width prescribed for

roadways condemned to gravel beds under section 309.63, Code of 1946. Evidently, the reason no minimum width is prescribed for such roadways is that they are not designed for use by the general public.

Sections 403.2 and 420.51, Code of 1946 (sections 6196 and 6740, Code of 1939) empower cities and towns to condemn gravel pits and roadways thereto outside their corporate limits. If the roadway in the case at bar was established as a public road or highway it would seem that such roadways established by municipalities outside their corporate limits would likewise be public highways. The language of the statutes indicates no such legislative intent.

Appellee suggests that some of the language used in the condemnation proceedings supports his contention that the board of supervisors condemned the roadway for a public highway. Since the roadway was condemned under section 309.63, Code of 1946, the precise language employed is probably here immaterial. However, the defects appear to have been due largely to the fact that printed forms for highway-condemnation proceedings were used. Although in some instances reference was made to a highway and gravel pit, at various places upon the forms the printed word "highway" was crossed out and the words "road and gravel pit" were inserted. Nor was the roadway ever recorded in the road-plat book as required for public roads. Section 306.46, Code of 1946 (section 4605, Code of 1939). Apparently the board of supervisors attempted to comply with section 309.63, Code of 1946, and, we think, did so substantially. We are satisfied the board did not establish a public road or highway.

██ II. Appellee contends that "either the road in controversy is a public highway" or section 309.63, Code of 1946, "is unconstitutional" because "private property cannot be taken for other than public use." This contention is not well founded because here the roadway was condemned as a conduit for use by the county or with its permission in the transportation of gravel to improve public roads, which is a public use. The use of property by a public agency in the exercise of its functions is a public use, whether or not individual members of the general

public have the right to use the same. 18 Am. Jur. 665, 666, section 38; City of Osceola v. Board, 188 Iowa 278, 176 N. W. 284; Delfeld v. City of Tulsa, 191 Okla. 541, 131 P. 2d 754, 758, 143 A. L. R. 1032; Decker v. State, 188 Wash. 222, 62 P. 2d 35, 37. For example, the proper use by a county of such property as courthouse vaults and county jails is a public use, though the general public may have no right of access thereto.

The rule of Bankhead v. Brown, 25 Iowa 540, and other decisions cited by appellee, that public use means use by the general public, is not applicable to statutes which empower public corporations to condemn property for their own use in the exercise of their proper functions.

III. Appellee asserted in his answer that the public authorities and county officials took and held adverse possession of the roadway, constructed and maintained a road thereon and kept the same open for the public and that the general public used the same; that appellants had notice of said matters and made no objection thereto but consented and acquiesced therein; that as a result thereof a highway was established by prescription and adverse possession and by dedication and that appellants were estopped by the statute of limitations and their said conduct from securing the relief demanded.

In determining said propositions the effect of the condemnation on the status and rights of appellants, the county, appellee, and other members of the public is of basic importance. By such condemnation the county acquired an easement for the purpose of obtaining gravel for its roads, the lands condemned to revert to the then owner of the tract from which taken when not used for that purpose for five consecutive years. Section 473.4, Code of 1946 (section 7864, Code of 1939). City of Dubuque v. Maloney, 9 Iowa 450, 74 Am. Dec. 358. The owners of the land had the right to use the part of the 24-foot strip through their own land as a passageway or for any purpose which did not interfere with the right of passage resting in the county. 17 Am. Jur. 998, 999, section 101. The county was empowered, also, to permit private parties or municipalities to take such gravel in order to improve any street or highway in the county. Section 309.66, Code of 1946 (section 4659, Code of 1939). Hence, the county had the right to authorize various

persons to use the roadway and was not required to advise the landowners what persons were so authorized.

Appellee's contentions upon the propositions now under consideration are predicated in a large part upon the conduct of the county in constructing and maintaining, with public funds, and using and permitting others to use, the graveled roadway and bridges thereon, and the failure of appellants to object thereto.

Having condemned the roadway, the county had the legal right and even the duty to place and keep it in such condition that it would be usable for the purpose for which it was taken, to wit, to secure access to the gravel pit for the removal and transportation of gravel therefrom by the county and by others with the permission of the county. Whether or not the owners of the land consented to or acquiesced in such construction, maintenance, control, and use by the county is immaterial. The condemnation of the roadway gave the county control thereof for such purposes and deprived the owners of any legal right to object thereto. Hence, such matters afford no basis for the contention that a highway was established by prescription and adverse possession or by dedication or that an estoppel was created. The doing of things authorized by the condemnation may not be set up to defeat the terms and conditions of the condemnation. Mosle v. Kuhlman, 40 Iowa 108, 110.

The roadway was open from the highway to the gravel pit and there is evidence of its use at times by appellee, sight-seers, and a few others, who were probably unauthorized. However, its use by others than county officers, agents, and employees appears to have been occasional. In any event, it was not frequent before appellee opened his commercial gravel pit in 1936, which was less than ten years prior to the service of the notice under section 564.4, Code of 1946, hereinbefore mentioned, and the institution of this suit.

Appellants made no objection to the unauthorized use of the roadway (if they knew what part of the use was unauthorized) until shortly prior to the institution of this suit, when they learned appellee claimed it was a public highway. Nor, until such time, were they required to do so. It is the rule that such user is presumed permissive and not adverse and hence

affords no basis for a claim of easement or highway by prescription, dedication, or estoppel. Paul v. Mead, 234 Iowa 1, 11, 11 N. W. 2d 706; Culver v. Converse, 207 Iowa 1173, 1175, 224 N. W. 834; Black v. Whitacre, 206 Iowa 1084, 221 N. W. 825.

Section 564.1, Code of 1946 (section 10175, Code of 1939), provides that one claiming an easement by adverse possession must establish the same by evidence distinct from and independent of its use and that the party against whom the claim is made had express notice thereof. The mere use never ripens into an easement. It must be shown that the person asserting an easement claimed a hostile right to use the way and with the landowner's knowledge. It appears from the record that until shortly before this action was instituted there was no manifestation by appellee of an intent to claim the road was a public highway. Nor was there proof of anything which would have served to notify appellants of such claim by any user of the roadway. There was no proof of prescription or adverse possession. Paul v. Mead, supra, 234 Iowa 1, 11, 11 N. W. 2d 706, and cases there cited; Austin v. Baxter, 189 Iowa 138, 176 N. W. 277; McBride v. Bair, 134 Iowa 661, 664, 112 N. W. 169.

Nor is there substantial proof of conduct which would amount to dedication. The principal evidential basis of this contention is the failure of the appellants to object to the unauthorized use of the roadway until they learned appellee claimed it was a highway, the use by appellants of the portion of the roadway upon their own land (which we have already pointed out was their right), and the very infrequent (permissive) use by appellants or their tenants of the portion of the roadway on appellee's land.

Dugan v. Zurmuehlen, 203 Iowa 1114, 1117, 1118, 211 N. W. 986, 988, states implied dedication, as a general rule, operates on the principle of estoppel:

"The act or acts must be such that the intention may be inferred or the owner estopped from denying an intention to dedicate his property to the public use. Jones v. Peterson, 178 Iowa 1389; Wensel v. Chicago, M. & St. P. R. Co., 185 Iowa 680. The intention must be clearly and unequivocally manifested. Bradford v. Fultz, 167 Iowa 686; O'Malley v. Dillenbeck Lbr. Co., 141

Iowa 186. This is true whether the dedication is claimed by acts in pais or by conveyance of record. The intent must be unmistakable in its purpose, and the acts upon which the intent is predicated must be decisive in character.''

As stated in Culver v. Converse, supra, 207 Iowa 1173, 1175, 224 N. W. 834, 835:

''In order to constitute a dedication, the evidence must be clear, satisfactory, and convincing, and the acts proved must not be consistent with any other construction than that of dedication * * * Mere permissive use of a way, no matter how long continued, will not amount to a dedication. The user is presumed to be permissive, and not adverse.''

We need not determine whether or not appellants could, in any event, dedicate for highway purposes property which had been condemned and was held by the county for another purpose which might be deemed inconsistent therewith. There was here no proof of dedication nor of conduct estopping appellants from securing the relief sought.

Although not pleaded by appellee, there is a suggested claim of estoppel based upon appellee's testimony that he abandoned the roadway across his own premises, removed his bridge, and bought equipment for his commercial gravel pit thinking the roadway was a public road to his gravel pit. Appellee was a party to the condemnation proceedings and was familiar therewith. His asserted error was due not to any conduct of appellants but to his own mistake as to the legal effect of said condemnation proceedings. No estoppel may be based thereon.

The cause is reversed and remanded with instructions for the entry of judgment in accordance with this opinion.—Reversed and remanded with instructions.

All JUSTICES concur.