## UNITED STATES *v.* WELCH.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF KENTUCKY.

No. 147.   Argued April 11, 1910.—Decided April 25, 1910.

A private right of way is an easement and is land, and its destruction
   for public purposes is a taking for which the owner of the dominant
   estate to which it is attached is entitled to compensation.

The value of an easement cannot be ascertained without reference to
   the dominant estate to which it is attached. In this case an award
   for destruction of a right of way and also for damages to the prop-
   erty to which it was an easement sustained.

THE facts are stated in the opinion.

Mr. *John Q. Thompson,* Assistant Attorney General, with
whom Mr. *A. C. Campbell* and Mr. *Percy M. Cox* were on the
brief, for the United States:

The six assignments of error all refer to the rulings of the
court in respect to the private road, and but one question,
Did the court err in awarding damages to plaintiffs' land by
reason of the destruction of said private road?

It may be admitted that where the Government by the
erection of a public improvement takes private property there
is an implied contract on its part to make compensation
therefor.

But if private property is merely lessened in value by the
erection of a public improvement and is not invaded or en-
croached upon, there is no such implied contract. *Transpor-
tation Co.* v. *Chicago,* 99 U. S. 635, 642; *United States* v.
*Lynah,* 188 U. S. 445, 465; *Mills* v. *United States,* 46 Fed. Rep.
738, 742, 748.

To constitute a taking of private property such as is in-
hibited by the Fifth Amendment unless just compensation

is made, it must be shown that the owner thereof has been wholly deprived of the use of the same. If it has been merely injured or its use impaired, there is no taking such as is contemplated by said Amendment. *Transportation Co.* v. *Chicago*, 99 U. S. 635, 642; *Bedford* v. *United States*, 192 U. S. 217, 223, 224, 225; *Manigault* v. *Springs*, 199 U. S. 473, 484, 485; *C., B. & Q. Ry.* v. *Drainage Commissioners*, 200 U. S. 561, 583, 584.

Where ingress and egress to and from private property is rendered more difficult by reason of the erection of a public improvement and the value of the property is thereby lessened, there is not a taking such as is contemplated by said Amendment. *Gibson* v. *United States*, 166 U. S. 269, 270, 275.

A claim for damages against the Government which arises out of the construction of a lock and dam to improve the navigable capacity of a river, whereby a private road has been destroyed which afforded to the owners of the farm convenient access to and from a public highway, is not a claim "founded upon the Constitution," even though the destruction of the private road has lessened the value of the farm. *Scranton* v. *Wheeler*, 179 U. S. 141, 164.

No action will lie for damages consequent upon the erection of public improvements in a skillful and prudent manner, although the result of such erection may impair the value of property by rendering ingress and egress thereto more difficult. It is axiomatic that private rights are always subservient to the public good. Grotius de Jure Belli, Bk. 3, chap. 20, § 7, p. 1; *Surroco* v. *Geary*, 3 California, 70; *S. C.*, 58 Am. Dec. 385; *Lansing* v. *Smith*, 8 Cow. 146, 149; *Stevens* v. *Patterson R. R. Co.*, 34 N. J. L. 532, 549; Cooley on Const. Lim., p. 666; Dillon on Mun. Corp., § 987; Sedgwick on Stat. Const., 2d ed.; *Harvard College* v. *Stearns*, 15 Gray, 1; *Louisville & Frankfort R. R.* v. *Brown*, 17 B. Mon. 763.

With reference to the vacating or closing a street, see Lewis on Em. Dom., 3d ed., § 202; *Shrunk* v. *Schuylkill Nav. Co.*, 14 S. & R. 71; *Keasy* v. *Louisville*, 4 Dana, 154; *Wolfe* v. *C. & L.*

*R. R.*, 15 B. Mon. (Ky.) 404; *Hollister* v. *The Union Co.*, 9 Connecticut, 436; *Sharp* v. *United States*, 191 U. S. 341; *Currie* v. *Waverly &c. Railroad Co.*, 23 Vroom, 392; *High Bridge Lumber Co.* v. *United States*, 69 Fed. Rep. 320, 324; *Transportation Co.* v. *Chicago*, 99 U. S. 642. See also *Union Bridge Co.* v. *United States*, 204 U. S. 364.

In *Bauman* v. *Ross*, 167 U. S. 548, it is held that Congress may direct that when a part of a parcel of land is appropriated for public use the tribunal vested by law with the duty of assessing the compensation or damages due to the owner shall take into consideration the injury to the rest. But Congress has made no provision for the payment of such damages as are claimed in the case at bar.

A city is not liable for inconvenience occasioned by a ditch along a street which is constructed under proper authority, even though it becomes enlarged by erosion so as so greatly to impair access to adjoining property. *Lambar* v. *St. Louis*, 15 Missouri, 610; *Benjamin* v. *Wheeler*, 8 Gray, 409; and see *Gould* v. *Hudson River R. R. Co.*, 6 N. Y. 522.

Dams constructed in a stream which indirectly injured a canal, held not a taking. *Susquehanna Canal Co.* v. *Wright*, 9 W. & S. 9; *Monongahela Nav. Co.* v. *Coon*, 6 W. & S. 101. The owner of a way is not entitled to compensation for the establishment of a railroad over it, although he is inconvenienced thereby. *Boston & Worc. R. R.* v. *Old Colony*, 12 Cush. 605. So as to an embankment. *Richardson* v. *Vt. Cent. R. R.*, 25 Vermont, 465, and see *Beseman* v. *Railroad Co.*, 50 N. J. L. 235.

Mere inconvenience or additional expense in operation does not constitute a taking. *Pumpelly* v. *Green Bay Co.*, 13 Wall. 166, does not apply to the facts in this case. See *Manigault* v. *Springs*, 199 U. S. 473, 481; *Gibson* v. *United States*, 166 U. S. 269; *Scranton* v. *Wheeler*, 179 U. S. 141.

No action can be maintained against the United States under the act of March 3, 1887 (24 Stat. L. 505), to recover damages in the nature of a trespass, whether proximate or

consequential, because such action would necessarily "sound in tort," and therefore without the jurisdiction of the court. Necessarily, an action on the case—in other words, an action for damages "sounding in tort." *Railroad Co.* v. *Towboat Co.*, 23 How. 209; *Mills* v. *United States*, 46 Fed. Rep. 738, 747–8; *Wright* v. *Freeman*, 5 Harr. & J. 467; *Lambert* v. *Hoke*, 14 Johns. 383; *Cushing* v. *Adams*, 18 Pick. 110; *Shrieve* v. *Stokes*, 8 B. Mon. (Ky.) 453.

Nor can claimants by any evasion in pleading create an action *ex contractu* out of one purely sounding in tort. *Bigby* v. *United States*, 188 U. S. 400; *Hill* v. *United States*, 149 U. S. 593, 598; *Gibson Case*, 29 C. Cls. 18.

*Mr. Edward S. Jouett*, with whom *Mr. W. M. Beckner* was on the brief, for defendants in error:

The private right of way which one landholder owns over the land of his neighbor is an easement. In fact, of all easements it is one of the commonest and best known, particularly in the agricultural districts. And it is oftentimes, as in this case, a property interest of great value. 14 Cyc. 1139.

An easement is as subject to condemnation under the right of eminent domain as any other interest in lands is. See Eminent Domain, in 15 Cyc. 607; *Ross* v. *Georgia &c. Rwy. Co.*, 33 S. Car. 477; *Deavitt* v. *Washington*, 53 Atl. Rep. 563.

Railroad rights of way, which are in a sense private property, furnish many instances of the application of the rule. *West. Un. Tel. Co.* v. *Penn. R. R. Co.*, 19 U. S. 540.

A fee simple interest is taken in the southern end of the roadway because it is a part of the land itself.

As to the propriety of considering the impairment of the value of the remainder of a tract by reason of its relation to the part taken, see *High Bridge Lumber Company* v. *United States*, 69 Fed. Rev. 320.

Pavement overflowing is a "taking" within the meaning of the constitutional provision. *Pumpelly* v. *Green Bay Co.*, 13 Wall. 166. [French's Notes, showing that this case has

been cited and approved more than fifty times. The authorities relied upon by the counsel for the Government do not sustain its position.

The damages are not merely consequential in the legal meaning of that term. Wherever there is an actual physical invasion compensation is due, and the law then fixes the measure of that compensation to be the value of the part taken plus the damage to the remainder of the property resulting from such taking. Cooley on Const. Lim.; Sedgwick on Stat. Const.; *Louisville & Frankfort R. R.* v. *Brown,* 17 B. Mon. 763; *Hollister* v. *The Union Co.,* 9 Connecticut, 436; *Currie* v. *Waverly &c. Railroad Co.,* 23 Vroom, 392, can all be distinguished and really support contention of defendant in error.

Treating the farm and its easement separately would not avail the Government, as the value of the easement, which was taken and entirely extinguished, would still have to be allowed.

Damages to the residue of a tract caused by taking a part are allowable in fixing just compensation. *Sharp* v. *United States,* 191 U. S. 341; *S. C.,* 112 Fed. Rep. 693. The doctrine of "inconvenience" only applies where there is no actual taking and it cannot be substituted for a taking; but when there is a taking of a part, then "inconvenience" to the residue becomes one of the legitimate elements of damage to the residue. The Welch farm and its private roadway should be considered as one property. *Sharp* v. *United States, supra.* The reverse of that case is presented in the case at bar. See note in 57 L. R. A. 932, citing *Westbrook* v. *Muscatine Co.,* 88 N. W. Rep. 202; *Potts* v. *Penn. S. Valley R. Co.,* 119 Pa. St. 278; *Peck* v. *Superior Short Line R. Co.,* 36 Minnesota, 343.

The same amount would necessarily be allowed even if the farm and the easement were not considered as one piece of property.

The easement, which constitutes one end of the private

roadway, was totally destroyed, rendering compensation equal
to its value necessary.   If the easement had not been touched
the outlet was still destroyed by the submerging of fifty yards
of roadway.   *United States* v. *Great Falls Mfg. Co.*, 112 U. S.
545; *Hill* v. *United States*, 149 U. S. 593; and *Bigby* v. *United
States*, 188 U. S. 400, distinguished; and see *United States* v.
*Lynah*, 188 U. S. 446.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a proceeding under the act of March 3, 1887, c. 359,
§ 2, 24 Stat. 505, to recover the value of land taken by the
United States.   It is admitted that a strip of about three acres
of land lying along the side of Four Mile Creek and running
east and west was taken, and is to be paid for.   It was perma-
nently flooded by a dam on the Kentucky River, into which
Four Mile Creek flows.   *United States* v. *Lynah*, 188 U. S. 445.
*Manigault* v. *Springs*, 199 U. S. 473, 484.   The plaintiffs
owned other land south of and adjoining the strip taken, and
had a private right of way at right angles to the creek northerly
across land of other parties to the Ford County Road, which
ran parallel to the creek and at some distance from it.   This
was the only practical outlet from the plaintiffs' farm to the
county road.   The taking of the intervening strip of course cut
off the use of the way, and the judge who tried the case found
that it lessened the value of the farm $1,700.   He allowed this
sum in addition to $300 for the land taken.   The United States
took a writ of error on the ground that the former item was
merely for collateral damage not amounting to a taking and of
a kind that cannot be allowed; that at most it was only a tort.
The case is likened to the depreciation in value of a neighboring
but distinct tract by reason of the use to which the Govern-
ment intends to put that which it takes.   *Sharp* v. *United
States*, 191 U. S. 341, 355.

The petition like the form of the finding lends some counte-
nance to this contention, by laying emphasis on the damage

to the farm, although it is to be noted that even in this aspect the damage is to the tract of which a part is taken. *Sharp* v. *United States*, 191 U. S. 354. But both petition and finding in substance show clearly that the way has been permanently cut off. A private right of way is an easement and is land. We perceive no reason why it should not be held to be acquired by the United States as incident to the fee for which it admits that it must pay. But if it were only destroyed and ended, a destruction for public purposes may as well be a taking as would be an appropriation for the same end. *Miller* v. *Horton*, 152 Mass. 540, 547. The same reasoning that allows a recovery for the taking of land by permanent occupation allows it for a right of way taken in the same manner, and the value of the easement cannot be ascertained without reference to the dominant estate to which it was attached. The argument is only confused by reference to cases like *Gibson* v. *United States*, 166 U. S. 269, *Harvard College* v. *Stearns*, 15 Gray, 1, *Smith* v. *Boston*, 7 Cush. 354, &c., where it was held, although there are decisions the other way, that a landowner cannot recover for the obstruction of a public water course, the discontinuance of a public way, or the like. The ground of such decisions is that the plaintiff's rights are subject to superior public rights, or that he has no private right, and that his damage, though greater in degree than that of the rest of the public, is the same in kind. Here there is no question of the plaintiffs' private right.

*Judgment affirmed.*


MR. JUSTICE HARLAN concurs in the judgment only so far as it allows the item of $300.