Littleton, Judge,
delivered the opinion of the court:
The facts establish plaintiff’s right to recover as just compensation the amount of $9,463.65 in excess of $1,590 awarded by the defendant for the taking of the right of way and the construction of a railroad through the property.
The defendant contends that plaintiff is not entitled to recover because, as it insists, the bridge across Mattawoman Creek was so negligently constructed as to cause serious interference with the natural flow of water, thereby causing serious damage to the other lands of the plaintiff; that this action therefore sounds in tort and plaintiff must look to Congress for relief. In our opinion there is no merit in this contention. So far as appears the construction of the railroad, the bridge, and the culverts was in accordance with the plans and specifications of the Navy Department, and the defendant can not, because of its failure to provide adequate drainage, escape liability to pay the plaintiff just compensation directly resulting from the taking of his property and the construction of a railroad thereon. In Bauman v. Ross, 167 U. S. 548, 574, the court held that the just compensation required by the Constitution to be made to the owner is to be measured by the loss caused to him by the appropriation'; that he is entitled to receive the value of what he has been *412 deprived of. Consequently, when a part only of a parcel of land is taken, the value of that part is not the sole measure of the compensation or damage to be paid to the owner; but the injury to the part not taken is also to be considered. See, also, Pumpelly v. Green Bay Company, 13 Wall. 166; United States v. Lynah, 188 U. S. 445; Sharp v. United States, 191 U. S. 341; United States v. Welch, 217 U. S. 333; United States v. Cress, 243 U. S. 316.
Judgment will be entered for $9,861.15, being $9,463.65 in excess of the award made by the board of valuation and $397.50 of the award retained by the defendant when making payment of 75 per cent thereof to the plaintiff. It is so ordered.
Williams, Judge; Green, Judge; Graham, Judge; and Booth, Chief Justice, concur.