FLORENCE J. SLACK, Appellant, v. G. G. HERRICK et al., Appellees.

No. 44148.

FEBRUARY 14, 1939.

Reson S. Jones and M. D. Hall, for appellant.

Parrish, Guthrie, Watters & Colflesh and Henderson & Wilson, for appellees.

HAMILTON, J.—Plaintiff and the defendant, G. G. Herrick, are owners of adjoining farms. The Des Moines river forms the north boundary line of plaintiff's land and the Middle river forms the south boundary line of the Herrick land. There is a bridge over the Middle river near the southwest corner of the Herrick farm connecting the public highway running south from the bridge and another running west and north on the north side of the bridge. From a time "whereof the memory of man runneth not to the contrary", there has existed a roadway beginning at the north approach of this bridge and running in an easterly direction some eighty rods and thence in a northerly direction over and across the land now owned by plaintiff and defendant, G. G. Herrick. At an early day, there was a ferry across the Des Moines river at the north end of this roadway and the early settlers would come down from the north, cross this ferry, and travel over and across these two farms to get to this bridge over the Middle river and also to grist and saw mills that were located along the river and to make connection with other roadways leading to other points and places in that vicinity. The ferry was abandoned back in the 70's and this put an end to the traffic across the Des Moines river at this point. There has been a residence on plaintiff's land for many years and the occupants thereof had no other egress to a public highway except to cross the land now owned by G. G. Herrick. There are no other dwellings, except this one on plaintiff's land back of the farm of Mr. Herrick, along this road. Aside from plaintiff and her tenants, the only travel now is by those who desire to get down to the Des Moines river to fish, hunt, or get out wood, sawlogs, or a load of sand. This has been the situation ever since

the ferry was abandoned more than 50 years ago. About a year ago, Herrick put a fence in near the aforesaid bridge and erected a gate across this roadway and later padlocked the gate which precipitated this law suit, plaintiff contending there had been established a public highway by prescription. There was a trial to the court resulting in a judgment dismissing plaintiff's petition and rendering judgment against plaintiff for costs and plaintiff has appealed.

The evidence shows that this roadway or trail across these two farms has not remained in any definite location but has varied from time to time during the years. It was never fenced or improved by bridging, grading, or otherwise and there is no evidence indicating that the public authorities ever assumed any jurisdiction or dominion over this roadway or that any person ever made any claim of right adverse to the owners to an easement or right of way over this land except the evidence of use alone. There is a railroad which crosses this roadway and there has always been a fence on each side of the railroad right of way and gates maintained at the crossing which were kept closed when necessary to prevent stock from coming up on the right of way. No cattle guards were ever erected or maintained at this crossing. At one time the road ran through a barn lot and gates were maintained and it was necessary to open and close two gates in going over this roadway through this barn lot and there is evidence that at one time there was another gate located at some other point where a fence had been erected across the roadway. On one or two occasions, the railroad company officials locked the gates at this railroad crossing and it was necessary for the tenants on the plaintiff's land to obtain a key in order to use the roadway. There is evidence that the owner of the Herrick land would at times direct those desiring to use the roadway where to travel. The road as now located, which plaintiff claims has been established by prescription, is not in the same location as the one used in an early day. Plaintiff offered in evidence a page from an old road record made back in 1850 which purports to be a copy, made by a copyist, of a surveyor's field notes and plat of two roads, one of which runs in the general direction now occupied by the road in question. This was offered not for the purpose of showing the establishment of a highway,—for there is no evidence that the field notes were ever adopted or that any of the legal requirements of the statute governing the

establishment of public highways were ever complied with—, but it was offered as evidence of an adverse claim and notice of such claim, plaintiff contending that this, when coupled with evidence of long continued use, was sufficient proof of the establishment of the road by prescription. If this copy of field notes was admissible, a matter we do not find it necessary to pass upon, it would not furnish proof of adverse claim as to the road now in use. Plaintiff also offered in evidence another exhibit, being a surveyor's sketch, showing the location of the roadway in use as originally located and the roadway now in use and these two roads do not coincide except at the bridge across Middle river and the distance apart varies from one hundred to three or four hundred feet and at one point as much as eight hundred feet. There is absolutely no evidence that the highway, indicated by the copy of field notes and plat shown on the old road record made back in 1850, is the road now in use. This being true, this old survey which is nothing but a copy, made by a copyist, would not constitute evidence of adverse possession or claim of right or of notice thereof as to the road now in use; without this, plaintiff had nothing but evidence of long continued use. Evidence of use alone is not competent under the statute. Section 10175, Code of Iowa, 1935.

The law applicable to this case is very thoroughly expounded in the case of Culver v. Converse, 207 Iowa 1173, 224 N.W. 834, in an able and exhaustive opinion by Wagner, Justice, and furnishes ample support for the decree of the trial court in the instant case.

Appellant cites and relies upon the cases of Kinsinger v. Hunter, 195 Iowa 651, 192 N. W. 264, and Cohen Bros. v. Shackelford, 197 Iowa 674, 198 N. W. 318. The facts in both of these cases are easily distinguishable from the facts in the instant case. Practically all of the matters emphasized by the writers of the opinions in the cited cases are absent in the case at bar. In the discussion of the evidence on page 652 of the Kinsinger case, 192 N.W., at page 264, we find the following statement:

"It is not shown to have been a mere shifting prairie track, used only by license or permission, but has been lined on either side by fences, and the buildings and improvements on adjacent lands have been erected and maintained with reference to its use as a public highway. Several residences have long been located

on this immediate line, and many years ago, one of plaintiff's grantors erected and maintained a brick building thereon, in which was conducted a country store or grocery. Formerly, a schoolhouse was constructed at the center of Section 26 on the north, and this road was one of the avenues to its approach. The schoolhouse was later moved a half mile east, and a public road has been maintained from its original site to the new location. The evidence does not disclose much work expended on the road by highway officers, though its junction on the south with an east and west road appears to have been graded and improved, and a pipe or culvert provided for that purpose at public expense. Two or more witnesses testify to working out their poll taxes on this road under direction of the road supervisor, and others testify to improving and repairing the way. A telephone line was strung upon poles set within the road. * * * This particular piece of road was marked out and fenced upon the line between lands owned by different proprietors at a very early day, and appears never to have been the subject of any dispute or controversy for more than a half century."

In the Cohen case there was an attempt made to establish a public road by agreement of the owners of the land and in pursuance of such agreement a road was in continuous use thereafter. It was held that the road which was attempted to be established by agreement was not good because of indefiniteness in the description but it was held that a road had been established by prescription. The court said:

"But in this case we have more than the mere use by the public. We have a claim of right on the part of the public to a highway across these premises. We have the express consent of record to the establishment of a public highway across this tract in the general course of the used track. We have the continued and uninterrupted use of the particular road for a period of more than ten years, in a certain and unchanged location. We have the recognition of this traveled road as a public highway by the public authorities, and the expenditure of public funds thereon. We have the acquiescence by the owners in such use by the public for more than ten years without any interference therewith." [197 Iowa 674, loc. cit. 684, 198 N. W. 323.]

We are satisfied the trial court was right in dismissing the

plaintiff's petition and entering judgment against plaintiff for costs.—Affirmed.

MITCHELL, C. J., and HALE, SAGER, STIGER, MILLER, BLISS, and OLIVER, JJ., concur.