### SCHIEFELBEIN et ux. v. UNITED STATES.
### No. 11899.

Circuit Court of Appeals, Eighth Circuit.

Jan. 13, 1942.

---

[2] Maryland Casualty Co. v. Levine, 5 Cir., 67 F.2d 816, 817; Constitution Indemnity Company v. Shytles, 5 Cir., 47 F.2d 441.

946

Samuel L. Winters, of Omaha, Neb., for appellants.

Roger P. Marquis, Atty., Department of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., Daniel F. Steck, Sp. Asst. to Atty. Gen., Bailey C. Webber, Atty., Department of Justice, of Ottumwa, Iowa, and Charles R. Denny, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before STONE and JOHNSEN, Circuit Judges, and OTIS, District Judge.

OTIS, District Judge.

The chief question presented is: When the United States, exercising the power of eminent domain, severs a public highway by taking land and so destroys the only access a person has to property he owns, is that person entitled to compensation?

Appellant, Fay H. Schiefelbein (appellant Verna Schiefelbein is his wife), owned, in Iowa, 700 acres in a triangularly shaped tract along two sides and about the apex of which the Missouri River flowed in a sharp curve. To shorten the river, in aid of navigation, the United States condemned a strip of land and cut a new channel at the base of the triangle. Since some water continued to follow the old channel, appellant's 700 acre tract was then completely surrounded by water. The new channel severed a public highway over which had been the only land access to appellant's tract. No part of the tract itself was taken or touched by the taking.

Findings of fact were made in the trial court and conclusions of law announced. Appellants accept the findings and challenge only the following conclusion of law: "That the destruction of the small public highway lying between * * * Tract No. 1 and Tract No. 2 [these were owned by others than appellants] was the destruction of a public highway only, in the existence of which the defendant [Fay H. Schiefelbein], as owner of the 700 acre tract * * * had no private right or interest, and the destruction of said highway and the consequential loss of land access does not constitute a taking of said 700 acre tract as would entitle the owner thereof to compensation * * * in this proceeding." The only assignment of error urged is: "The court erred in not holding that the cutting off of said access was a permanent taking, which entitled appellants to damages * * *."

A like question was decided by this court in Union Electric Light & Power Co. v. Snyder Estate Co., 8 Cir., 65 F.2d 297, 310. That was a proceeding to assess damages for lands taken under power of eminent domain. Inter alia the question was presented: Were damages allowable on account of a particular and separate tract which had not been taken and which was not directly touched by any taking, but the road to which was submerged so that

all practicable access was destroyed? The road was a public highway. Said this court: "The right to recover compensation for the damage to the land through the destruction of the highway, even though the highway was not upon defendants' land, would seem to be clear." Appellants rely on this decision. Appellee recognizes its authority but denies the facts are identical in that case and this.

■ The rule in Iowa under the state constitution is the same as that declared in this circuit in the case cited. See McCann v. Clarke County, 149 Iowa 13, 127 N.W. 1011, 36 L.R.A.,N.S., 1115; Heery v. Roberts, 186 Iowa 61, 170 N.W. 405, 172 N.W. 161; Prymek v. Washington County, 229 Iowa 1249, 296 N.W. 467. The theory presented in these and other Iowa cases is that an owner of land has a private property right in a public highway if the only access to his land is over that highway. The vacation of the highway is a taking of his property for which he is entitled to compensation. The property taken and for which compensation is payable is not the land to which access is cut off but the private property of the condemnee in the public highway. That that is also the reason underlying Union Electric Light Co. v. Snyder Estate Co. is clear from the only case cited by this court in support of its conclusion. That case is United States v. Welch, 217 U.S. 333, 30 S.Ct. 527, 54 L. Ed. 787, 28 L.R.A.,N.S., 385, 19 Ann.Cas. 680. The case dealt with a private right-of-way and it supports Union Electric Light Co. v. Snyder Estate Co. only upon the theory that the public road involved in the Union Electric Light Co. case included property of the nature of a private right-of-way. It was made clear in United States v. Welch that the property for which compensation is payable is that actually taken, i. e., the right-of-way, and not that served by the right-of-way, although, said the Supreme Court, "the value of the easement cannot be ascertained without reference to the dominant estate to which it was attached."

Appellee does not deny that the facts in Union Electric Light & Power Co. v. Snyder Estate Co. and in this case are identical, if the findings of fact in this case are accepted. One of them was: " * * * there was, prior to the time of taking on February 12, 1938, a small public highway by prescription * * * this public highway was the only public highway by which the said Fay H. Schiefelbein had land access to his 700 acre tract * * *." Appellee says that the finding that the highway referred to was "a small public highway by prescription" was not supported by the evidence. More exactly the contention is, the highway was not shown to have been a public highway "by prescription."

The testimony which the court below regarded as supporting the challenged finding included that of witness Shipley. He testified: "I understand it is a public road, it has been for the last forty years that I know of." And again he testified: "The public in general had driven on that as a road." And again: "The county had paid for work done on the road." Similarly witness Cornelison, one of the persons the appellee asserts owned the road, testified: "It was a general purpose road." Again he testified: "It was a road maintained by the public, by public authorities. It was always a public road." The same witness testified that he did not feel he had any right to grant or refuse to grant permission to use the road. The appellant Fay H. Schiefelbein testified as a witness in his own behalf: "We always had that means of travel. * * * The road has always been there."

■ The gist of appellee's contention is that the testimony we have set out and all the testimony relevant to the matter do not show the facts essential under Iowa statutes and decisions to establish *by prescription* a public highway. There must a showing, it is contended, of "continued, uninterrupted, adverse use under a claim of right known to the owner for the statutory period." Culver v. Converse, 207 Iowa 1173, 224 N.W. 834, 836, and Slack v. Herrick, 226 Iowa 336, 283 N.W. 904, are cited and are in point. The statutory period is ten years. Section 10175 of the Iowa Code (1939). But there was such a showing. The testimony we have set out, with inferences reasonably to be drawn from it, satisfies every requirement of Iowa law. There was also testimony, it is true, which would support an opposite conclusion, but our inquiry is—Was there testimony supporting the finding of the trial court? Moreover, whether the road became a public highway *by prescription* or otherwise is not material. The testimony was that it was a public road and had been for forty years.

■ A contention of appellee which we mention but do not deem it necessary to

discuss is that appellants had or might have means of access to the tract involved other than the road which was severed. The finding of the trial court in this connection was fully supported by the evidence.

The property of appellants which was taken and for which they are entitled to compensation is their right of access to their land over the public road which has been severed. That was private property. They are entitled to damages for the taking of that property. The judgment should be and is reversed and remanded for the assessment of such damages.