**J. HERBERT BATE CO., Inc., v. PINE LAND CO.**

No. 5030.

Circuit Court of Appeals, Fourth Circuit.

Jan. 11, 1943.

Laurence A. Stith, of New Bern, N. C. (Marsden Bellamy, of Wilmington, N. C., on the brief), for appellant.

R. E. Whitehurst, of New Bern, N. C. (R. A. Nunn, of New Bern, N. C., and John D. Warlick, of Jacksonville, N. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

J. Herbert Bate Company, Incorporated, claiming timber rights in a tract of land in Onslow County, North Carolina, owned by Pine Land Company, was permitted to intervene in a proceeding instituted by the United States for the condemnation of the land for use as a training base for the United States Marine Corps. Thereupon Pine Land Company moved the court to dismiss the intervening petition on the ground that it failed to state a claim either against the Land Company or the United States. The District Court granted the motion and dismissed the petition, and this appeal followed.

The condemnation proceeding related to 7,397.25 acres of land owned by the Land Company and other parties. The proceeding was begun on October 1, 1941, by the filing of a declaration of taking by the Acting Secretary of the Navy on behalf of the United States under the provisions of the Act of April 5, 1941, 55 Stat. 123, c. 41, and the acts codified in 40 U.S.C.A. §§ 257 and 258a. On the same day a petition for condemnation was filed by the United States. In these proceedings the land was described and it was alleged that the estate to be taken in the land for immediate use was in fee simple, subject only to certain rights of way and public utility easements, and that the estimated just compensation for all of the lands was $78,285 which was deposited in the registry of the court for the use and benefit of the persons entitled thereto. The names and addresses of the persons having title to the land and the amounts estimated to be fair compensation for each respective ownership were set out, including 4,220.7 acres belonging to the Pine Land Company for which the fair compensation was estimated to be $20,250. This amount, however, was stated not to include the value of the timber on the land as to which the United States declared that it would ascertain the value, if any, by a subsequent cruise. The Bate Company, the appellant in this case, was not named as a party to the proceedings, but the parties named were described as apparent or presumptive owners of the several tracts, and it was alleged that there might be other persons owning some title or interest therein, and to that end all persons having any right, title, interest or claim of any kind were made parties defendant.

On October 3, 1941, the court entered a judgment on declaration of taking wherein it was adjudged that the title to the lands described became vested in the United States in fee simple upon the filing of the declaration and the deposit of the monies described; and the owners, claimants and occupants of the land were ordered to deliver immediately an exclusive possession to the United States upon service of copies of the judgment, the petition and the summons issued thereon.

These papers were not served on the Bate Company since it was not named in the proceeding; but on February 6, 1942, it was permitted by order of court, after notice to the United States Attorney and to the Pine Land Company, to file an intervening petition and answer. Therein it was alleged that by a timber conveyance of February 11, 1937, there was granted and conveyed unto the Bate Company all of the timber 10 inches in diameter standing upon the tracts of land described in the conveyance with the provision that the Bate Company should have the full term of five years to cut and remove all the timber thereon, with the privilege of an extension not to exceed an additional two years, upon the condition that the Bate Company should pay to the owner of the land six per cent of the value of the timber stumpage as to which the extension privilege was desired. The tract described in the timber conveyance was, the land alleged in the condemnation proceedings to belong to the Pine Land Company. The intervening petition of the Bate Company further alleged that possession of the land was taken by the United States on October 3, 1941, whilst the Bate Company was engaged in cutting and removing the timber, and that if it had not been for this interference it would have used the facilities at its disposal and could have cut and removed all of the timber belonging to it before the expiration of the five year period. It was asserted that the remaining timber upon the land of the sizes described in the timber deed amounted to 2,600,000 feet valued at $15,600; and the Bate Company, in order to protect its rights tendered and paid into the registry of the court six per cent of this valuation or $936, in accordance with the terms of the timber contract for the benefit of the United States, the Pine Land Company, or any other person entitled thereto. The petitioner prayed that the value of the timber rights might be ascertained and paid for, and that the petitioner might be permitted to intervene and present evidence to the court. Attached to the petition was a copy of the timber conveyance wherein the Bate Company acquired the timber rights from the predecessors in title of the Land Company.

■ Although the allegations of the intervening petition and the answer must be taken to be true, the appellee insists that the Bate Company should be denied participation in the pending case. The argument is that the United States has not moved to take the timber in question, but on the contrary has specifically excluded it from the condemnation proceeding, because no appraisal of the timber and no deposit of its estimated value were made, and it was expressly stated that the estimated fair value of the tract of the Pine Land Company did not include the value of the timber. Moreover, it is pointed out, no service of process was made upon the Bate Company. In North Carolina standing timber is realty which may be conveyed by deed as an estate separate from that of the owner of the land; Morton v. Lumber Co., 178 N.C. 163, 166, 100 S.E. 322; Bateman v. Lumber Co., 154 N. C. 248, 251, 70 S.E. 474, 34 L.R.A.,N.S., 615; and hence it is contended that the declaration of taking covered only the distinct and separate interest of the Land Company, which comprised merely the land itself and the timber thereon of smaller size than that specified in the timber conveyance to the Bate Company.

■ We think that this interpretation of the condemnation proceeding perverts the manifest intention of the United States to acquire full, complete and absolute fee simple title to the land, other than certain easements, for the use of the naval establishment free from outside interference. This purpose clearly appears in the express allegations that the estate to be taken was in fee simple and that all persons having any interest in the land were intended to be joined as parties defendant. The subsequent actions of the United States in taking possession of the property of the Pine Land Company and preventing further cutting of the timber by the Bate Company, as alleged in the intervening petition, were confirmatory of the same intent.

It may be that the United States was not strictly entitled to immediate possession of the land in view of its failure to include the value of the timber in its estimate of the value of the property and to make a deposit sufficient to cover the whole. But there cannot be the slightest doubt that the owner of the timber was entitled to intervene in this proceeding in order to assert its right to compensation for the timber actually taken from it; and this is true whether the Bate Company was forcibly ejected from the land or, waiving formalities, consented to vacate in order

to facilitate the operations of the government in the war emergency.

We have no need to decide at this time whether the Pine Land Company or the United States is entitled to the extension payment made by the Bate Company, or indeed whether any extension payment was necessary to protect its rights under the peculiar circumstances of this case. We hold merely that the Bate Company is entitled to intervene in order to claim compensation for any timber owned by it which has been taken by the United States for the public use.

Reversed.