**UNITED STATES v. CERTAIN LANDS AT GREAT NECK, IN COUNTY OF NASSAU, STATE OF NEW YORK, et al.**

Misc. No. 672.

District Court, E. D. New York.

March 16, 1943.

A. I. Madison, of Brooklyn, N. Y., for Lawrence Fertig, Concetta Andrea, et al., petitioners for leave to intervene, for the motion.

Harry T. Dolan, Sp. Asst. to Atty. Gen., of New York City (W. Braxton Miller, Atty., Department of Justice, of Washington, D. C., of counsel), for petitioner-plaintiff, opposed.

BYERS, District Judge.

Motion arising on petition for leave to intervene in this proceeding on the part of seven owners of separate parcels of real estate lying within a restricted and privately supervised section of Great Neck, Long Island, known as "Grenwolde" or "Grenwolde Park".

The government has filed a declaration of taking, and a petition to acquire certain

of the property lying within that section (see petition filed April 25, 1942, and amended petition filed October 22, 1942) but none of the property therein described is owned by any proposed intervenor, with an exception later to be stated; the bases urged for intervention are that their property is being taken without compensation, as follows:

1. A right of way over a street comprehended within the property taken is being extinguished.

2. Their several holdings are being depreciated as the result of the violation of a restrictive covenant said to be appurtenant to the land of each, by reason of the purpose of the government to ignore that covenant in the erection of a school building, barracks, etc., upon the condemned property.

3. They are to suffer a substantial loss arising from the increased financial burden of maintenance falling upon them, by reason of the withdrawal of the condemned property (about 42% of the total holdings in the park) from the liability to contribute annually to the fund which pays the maintenance charges assumed by this restricted community under the declaration pursuant to which all properties within Grenwolde were acquired.

There is no issue of fact arising upon the petition to intervene. The government opposes solely on the ground that no property, rights in property, interests or estates in property owned, held or claimed by the intervenors are taken or sought by the government, and consequently that no right to intervene has been pleaded or shown.

As to the first claim of the intervenors, it is a fact that a portion of the property described in the declaration and petition is Grenwolde Drive, a road or street the title to which is in Grenwolde Association, Inc., and over which each of these property owners has a right of way for ingress and egress to a public road lying north of the park. Paragraph Eleventh of the declaration of September 30, 1913, constituting the basic structure of the holdings in this development, reads in material part as follows:

"Eleventh: In consideration of his purchase of property at Grenwolde, and of the payment of his proportions of the general maintained charges as above set forth, each such purchaser shall have in common with other purchasers a permanent right of way over the streets and highways shown on said maps, * * *."

The right of way so created is an easement which is appurtenant to each of the properties described in the petition for intervention, and the easement is being extinguished by the government. To deny that this is the taking of property is to assert a stark fallacy.

The argument in opposition rests upon Paragraph Ninth of the same declaration, which is said to stand in the intervenors' path; the provision is:

"Ninth: No title to any land in any streets or lines is intended to be conveyed to purchasers of any property but the Company reserves the right to convey to abutting land owners or to any association or club, formed of or for purchasers of property or to any public authority all of its rights, title and interest in and to said streets, or any of them, should the Company deem it expedient to do so, subject to the right of the purchasers to use the said street.

"Should the title to any streets shown on said map be hereafter acquired by condemnation or otherwise, by any public authority all moneys received by the Company by way of compensation thereof shall be immediately turned over to such public authority (all moneys received by the Company by way of compensation therefor shall be immediately turned over to such public authority) [sic] in reduction of the assessments against the owners of land shown on said map for such acquisition.

"The Company shall have the right to grade the street in accordance with such grades as it may establish."

Obviously the foregoing does not touch the pending issue. The Grenwolde Association, Inc., owns the bed of Grenwolde Drive. Whether that street as a damage parcel should be valued in this proceeding at more than a nominal figure, in view of the rights of way to which it is subject, will require decision in connection with the damage claim of the Association. It has nothing whatever to do with the value of the easements appurtenant to the intervenors' lots. Those are several properties which the government is taking, and it may not do so without making just compensation, so long as the Fifth Amendment to the Constitution remains in effect. See: United States v. Welch, 217 U.S. 333, 30 S.Ct. 527, 54 L.Ed. 787, 28 L.R.A.,N.S., 385, 19 Ann.Cas. 680; United States v.

Cress, 243 U.S. 316, at page 329, 37 S.Ct. 380, 61 L.Ed. 746; Tucker v. United States, D.C., 283 F. 428; United States v. Certain Parcels of Land, D.C., 43 F.Supp. 687, at page 689.

The exception above referred to, among the intervenors, is the Grenwolde Association, Inc., holding title to the bed of Grenwolde Drive, as well as to lots 27, and 23 and 24 in part. It seems that the corporation has been named as a defendant in connection with the taking of Grenwolde Drive. That being true, perhaps it is in the proceeding for all purposes, i. e., it may claim whatever damages it may be able to prove, but to avoid any question on that score, it can do no harm to include it among this group of intervenors.

Since the petition to intervene must be granted, perhaps nothing need be said with reference to the two remaining grounds upon which intervenors rely. Probably it would not be thought that the order to be entered hereon should in any case prescribe a limitation upon the proof which the intervenors may offer, but again to preclude controversy on the subject it may be appropriate to say as clearly as possible that no such limitation is hereby intended.

Whether the federal government, as distinguished perhaps from the State of New York, can brush aside the restrictive covenants concerning the character of buildings to be erected upon the condemned property, without making compensation to the remaining lot owners, is too serious an issue to be disposed of upon a mere motion to intervene. (An interesting case is Peters v. Buckner, 288 Mo. 618, 619, 232 S.W. 1024, 17 A.L.R. 543.)

The same remark applies to the matter of the increased financial burdens of maintenance resulting from the taking, which will necessarily rest upon the remaining owners. That a covenant providing therefor may be deemed to run with the land was decided in Neponsit P. O. Ass'n v. Emigrant Ind. Sav. Bank, 278 N.Y. 248, 15 N.E.2d 793, 118 A.L.R. 973. It would seem that it may not be an answer to the intervenors' claim, that any increase in the annual charge will depend upon their consent (Paragraph Tenth of declaration) since that provision deals with the amount of the annual expenditure, not the number of the lots upon which it may be laid.

It is intended by the disposition of this motion to reserve to the intervenors the right to claim damages for any or all of the reasons pleaded in their petition filed January 6, 1943.

Settle order.