241 F.2d 484
 GOODYEAR FARMS, a Corporation; Adaman Mutual Water Company,
a Corporation; B. W. Mullins, James H. Sharp,
George W. Busey, Carlon H. Hinton and
Verna Hinton, His Wife, et
al., Appellants,
v.
UNITED STATES of America, Appellee.
GOODYEAR FARMS, a Corporation; Adaman Mutual Water Company,
a corporation; Bill W. Mullins and Ralph Ashby and
Grace Ashby, Husband and Wife, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 15113.
 United States Court of Appeals Ninth Circuit.
 Dec. 3, 1956.
As Amended on Denial of Rehearing Jan. 21, 1957.
 
 Snell & Wilmer, Phoenix, Ariz., for appellant.
 Perry W. Morton, Asst. Atty. Gen., Jack D. H. Hays, U.S. Atty., Phoenix, Ariz., Roger P. Marquis and A. Donald Mileuer, Attys., Dept. of Justice, Washington, D.C., for appellee.
 Before HEALY, LEMMON and FEE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal has two phases: First, a petition for intervention was denied; second, a motion to amend the answer of certain defendants was disallowed. The complaint was for condemnation of lands. There are two separate claims by different owners joined in the petition to intervene and the motion to amend, respectively. The first is the claim of lands contiguous to the air field that take-offs and landings of four hundred jet planes per day over lands in more or less proximity to the air field will amount to appropriation. We are clear that, if any such right exist as to lands outside the area condemned, it cannot be adjudicated in the present proceeding. If an owner had lands here condemned and contiguous land lying outside the boundaries, he would have the right of compensation for damages suffered by the whole tract.[1] But in this event he is already a defendant and can appeal from a final judgment if he has not been awarded compensation for all of his rights taken or damaged. No intervention could be granted as to any persons who have claims of this character.
 
 
 2
 Adaman Mutual Water Company seeks to intervene on the ground that it has supplied irrigation water to 233 acres of land in the condemned area, and its ditches, laterals and other works and the easements therefor, together with the right to deliver water and collect assessments in the future, have been destroyed and just compensation must be paid therefor. In this respect, the petition for intervention sets up a justiciable claim. But the government contention that the denial of the petition in this respect was correct must be sustained. The water company was a defendant in the proceeding. All of the rights destroyed by the condemnation must be compensated for in the proceeding. Not only the reasonable market value of the full fee simple title, but every right in the land must be paid for. Easements for ditches, for flow of water thereon and the right to payment therefor must be compensated if the evidence show these exist. The parcels of property taken apparently are servient lands upon which the easements for ditches, irrigation works, the right to flow water and collect payments lie. There is not sufficient record here to show where the dominant tenement lay. This question was apparently not tried. But, since the water company and the landowners are all parties to this proceeding, the government position is correct and compensation could be made in this proceeding for this second claim and in no other.
 
 
 3
 For the reasons given, denial of the petition for intervention was proper on both phases. The denial of the motion to amend the appearance was not a final order from which appeal could be taken.
 
 
 4
 Owing to confusion in the minds of the parties, we should state that the judgments entered as to the respective tracts are not final. Each contained a reservation for future consideration of matters relating to the petition for intervention. None is limited to the question of distribution of the fund alone. The proposition as to the existence of an easement burdening the land condemned cannot be treated as a matter of distribution. The judgments are based upon compensation for the fee simple title. But it is obvious that any property rights in the land over and above this title must be paid for. The final judgment must read 'just compensation for all property rights taken or destroyed.' Otherwise, the guarantee of the Fifth Amendment is not met. By the declaration, the fee simple title is taken. All easements appurtenant to other lands are destroyed in the taking. Consequently, the United States must pay for these interests in addition to the compensation now adjudged to the fee owners.[2] This is a question of fact. The judgment, to be final, must either grant or deny compensation for the claimed interest of an easement burdening the land condemned, for ditches, works, the right to flow water thereon and the right to collect compensation therefor, otherwise it is not final as to them.
 
 
 5
 The denial of the petition for intervention is affirmed. The order denying this motion to amend was not appealable.
 
 
 
 [1]
 This Court approves the reasoning in the case of Boyd v. United States, 8 Cir., 222 F.2d 493. The measure of damages is the fair market value of the land as a whole before taking and the fair market value of the piece remaining after condemnation
 
 
 [2]
 Application will be made by the Court of the principles of law involved in the following cases: United States v. Certain Parcels of Land, D.C., 89 F.Supp. 567, 571; Id., 4 Cir., 196 F.2d 657; J. Herbert Bate Co. v. Pine Land Co., 4 Cir., 132 F.2d 925; United States v. Sunset Cemetery Co., 7 Cir., 132 F.2d 163; Schiefelbein v. United States, 8 Cir., 124 F.2d 945; United States v. Aho, D.C., 68 F.Supp. 358; United States v. Florea, D.C., 68 F.Supp. 367; United States v. Certain Lands, D.C., 49 F.Supp. 265; United States v. .8677 Acre of Land, D.C., 42 F.Supp. 91