**COLE INVESTMENT CO., a Corporation,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15850.**

United States Court of Appeals
Ninth Circuit.

July 21, 1958.

Lloyd J. Seay, North Hollywood, Cal., for appellant.

Perry W. Morton, Asst. Atty. Gen., Harold S. Harrison, Roger P. Marquis, Attys., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Richard J. Dauber, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before FEE, HAMLEY, and HAMLIN, Circuit Judges.

HAMLIN, Circuit Judge.

After a jury verdict, appellant Cole Investment Co. was awarded a judgment of $15,000 as just compensation in a condemnation action brought by the United States for the taking of 100 acres of desert land known as Tract K–1528. The Court below found that appellant suffered no severance damage by the taking of Tract K–1528, and rejected the offer of proof in respect to severance damages made orally to the Court during the trial.

Appellant appeals from the judgment only on the ground that severance damages were not allowed and on the ground that the Court rejected appellant's offer of proof with respect to severance damages. The facts show that the tract taken, known as K–1528 and consisting of 100 acres of desert land, was bounded on the west by Lone Butte Road. This road was described at the time of the trial as a 20-foot trail or easement that runs along the western border of Tract K–1528. Lone Butte Road separates Tract K–1528 from another 20-acre tract of land owned by the appellants, known as the "Bandy headquarters."

At the trial appellant contended that it was entitled in addition to the damages awarded for the taking of Tract K–1528, to severance damages by reason of injury to the 20-acre tract known as the Bandy headquarters.

During the trial, in connection with the issue of severance damages, counsel for appellant made an offer of proof which was generally to the following effect: Counsel offered to prove that in about 1948, appellants had a plan to develop and farm the 100 acres known as K–1528 across Lone Butte Road, and in connection with that they drilled a deep well upon the 20 acres known as the Bandy headquarters. This well was alleged to be of sufficient size to furnish water to the 100 acres known as K–1528. They purchased and installed a pump and motor in connection with the well. They acquired pipe to carry the water over to K–1528, and also a pressure pump. When appellant's tenant some time thereafter (the offer of proof not fixing the exact time) learned of the possibility of the taking of the 100 acres by condemnation, he abandoned the project of farming the 100 acres. There might have been some test runs conveying water from the 20-acre parcel to the 100-acre parcel to see the contours of land in preparation for the eventual distribution of water. However, no crops were ever planted upon the 100-acre tract.

The notice of the filing of the instant action is dated March 22, 1955.

The single issue presented by this case is whether the Cole Investment Company's offer of proof regarding the severance damages was improperly rejected. We hold that it was not.

Counsel for appellant, on the argument before this court, conceded that appellants have no claim for personal property which is movable, such as the pipe and pressure pump, but contended that appellant was entitled to the net cost of the well, about $4,850.00.

■ There is a two-fold test applied by the courts in determining whether a claimant whose lands have been condemned is entitled to severance damages: First, Is the part that is purportedly "severed" one part of an integrated whole, the other part or parts being those actually condemned? Baetjer v. U. S., 1 Cir., 1944, 143 F.2d 391, 395, in speaking of this test said, "Integrated use, not physical contiguity, therefore, is the test." The second test is that the market value of that which is "severed" must have been decreased. A holding to the same effect was made in Sharpe v. U. S., 3 Cir., 1902, 112 F. 893, at page 896, 57 L.R.A. 932, approved by the Supreme Court in Sharpe v. U. S., 191 U.S. 341, 24 S.Ct. 114, 48 L.Ed. 211.[1]

1. In Sharpe v. U. S. the Court said at page 896 of 112 F.: "It is not denied that in rendering the 'just compensation' secured by the constitution of the United States to the citizen whose property is taken for public uses it is right and proper to include the damages in the shape of deterioration in value which will result to the residue of the fact from the occupation of the part so taken. In applying this rule, however, regard is had to the integrity of the tract as a unitary holding by the owner. The holding from which a part is taken for public uses must be of such a character as that its integrity as an individual tract shall have been destroyed by the taking. Depreciation in the value of the residue of such a tract may properly be considered as allowable damages in adjusting the compensation to be given to the owner for the land taken. It is often difficult, when part of a tract is taken, to determine what is a distinct and independent tract;

The test in severance damage cases was explicitly set forth in United States v. Honolulu Plantation Co., 9 Cir., 1950, 182 F.2d 172, 179, certiorari denied 340 U.S. 820, 71 S.Ct. 51, 95 L.Ed. 602. In that case, in an opinion by Judge Fee, the Court held that market value is the criterion for severance damages and that "strict proof of the loss of market value to the remaining parcel is obligatory." In denying the appellant recovery for loss of severance damages, the Court there said that it was a loss of market value and not of business opportunity that was compensable under the concept of severance damages.

In discussing the first aspect of the test mentioned above, namely that of unity of use, the Honolulu case said:

"The rule requiring compensation for loss in market value of the remainder of the tract is applied strictly only where there is but a single parcel owned by one party in fee simple. An extension of the doctrine permitted the inclusion of another parcel in the same ownership if it lay contiguous to the principal tract. * * * With some reluctance, the courts have held that the owner of one parcel in fee may be compensated for loss in market value thereof as a result of the taking of another parcel owned in fee by him, even if the latter is not contiguous, *provided that, by actual and permanent use, a unitary purpose is served by both parcels.*" (Emphasis added.)

The District Court properly rejected appellant's offer of proof regarding severance damages, because appellant did not meet the two-fold test set out above.

but the character of the holding, and the distinction between that residue of a tract whose integrity is destroyed by the taking and what are merely other parcels or holdings of the same owner, must be kept in mind in the practical application of the requirement to render just compensation for property taken for public uses. *How it is applied must largely depend upon the facts of the particular case and the sound discretion of the court.*

First, the offer of proof failed to show that unity of use required by the law in severance damage cases. The most favorable interpretation of Cole's offer would only show a *planned* unity of use.

Secondly, Cole's offer of proof failed to show that the Bandy headquarters had decreased in value; on the contrary, it appeared that the fair market value of the 20-acre parcel had not been decreased.

Certain admissions made by appellant's counsel while making his offer of proof will demonstrate the correctness of the District Court's ruling in rejecting this offer:

"The Court: Well, Mr. Seay, with respect to the 20 acres known as the Bandy headquarters located on the east side of the Lone Butte Road, is there any claim that the fair market value of the 20 acres has been affected or suffered by the taking of the 100 acres?

"Counsel: No.

"Court: All of the personal property, the pressure pump, the well, the reservoir, and the pipe, are located on the 20 acres, that is the Bandy headquarters?

"Counsel: Yes, the pump and the booster pump was located on this property, and we had the pipe to conduct it over to the 100 acres all during this time. However, I understand it has since been disposed of.

"Court: * * * on the date of taking, all of the property you speak of was located on the Bandy headquarters?

"Counsel: That is right.

All the testimony in this case tends to show the separateness of this tract which was the subject of the condemnation proceedings. It had never been farmed or used in connection with either of the other farms owned by the plaintiff in error. It was in no way reasonably or substantially necessary to the enjoyment of the other two tracts. * * *" (Emphasis added.)

"Court: Now, at any time did the plan of a unitized operation of the 100 acres and the 20 acres get beyond the stage of planning? Did it ever get beyond the stage of planning?

"Counsel: I would say this in this way, your Honor: Experimental crops were planted on the 20 acres, a very small amount of some six or eight or ten crops, to determine—well, in other words, they were experimenting to see what would grow and what the possibilities were. They did determine that, and then, as I say, they had a tenant who was going across the road, and he leveled out and cleaned it out and got it in preparation— there was no leveling to do, but he got it ready.

"Court: But water was never conveyed across the road from the reservoir or pumped to the 80 (sic) acres?

"Counsel: To my knowledge it wasn't conveyed over there for the purpose of growing any crops. * *

"Court: I see. Now, it is my understanding of the testimony of Mrs. Bandy (president of appellant corporation) and also Mr. Congdon (appellant's appraiser) that the highest and best use of the 100 acres was for desert homesites.

"Counsel: That is right."

From the offer of proof and the Court's questions, it clearly appears that the District Court excluded the offer of evidence because (1) there was no showing at any time that there was a unified use between the two tracts; and (2) there was no claim that the fair market value of the 20 acres remaining was decreased.

As the appellant clearly failed to meet the test that would entitle it to severance damages, the judgment of the lower court is affirmed.