**UNITED STATES of America, Plaintiff-Appellee,**

v.

**57.09 ACRES OF LAND, MORE OR LESS, SITUATE IN SKAMANIA COUNTY, STATE OF WASHINGTON, et al., Defendants-Appellants.**

No. 81–3533.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 1982.

Decided May 16, 1983.

---

Maria A. Iizuka, Washington, D.C., for plaintiff-appellee.

James J. Mason, Tacoma, Wash., Theodore O. Torve, Asst. Atty. Gen., Olympia, Wash., for defendants-appellants.

Before WRIGHT, HUG and SCHROE-DER, Circuit Judges.

SCHROEDER, Circuit Judge.

This appeal arises from a condemnation action brought by the United States Government. Appellants Peterson and the State of Washington both owned easements over the condemned tract to gain access to their respective properties. Both parties were compensated for the value of the condemned easements. The question in this appeal is whether they are additionally entitled to severance damages representing the reduction in value of the properties which were served by the easements.

The district court awarded summary judgment to the United States on the ground that Peterson and the state could not recover severance damages because they each owned only an easement over the condemned tract, and not the underlying fee. We reverse.

■ The district court relied on *United States v. Honolulu Plantation Co.,* 182 F.2d 172 (9th Cir.), *cert. denied,* 340 U.S. 820, 71 S.Ct. 51, 95 L.Ed. 602 (1950). *Honolulu Plantation* is inapposite, however, because the party seeking severance damages in that case had no interest whatsoever in the land which had been condemned. Furthermore, the district court's reasoning in this case conflicts with the United States Supreme Court decisions holding that the owner of a condemned access easement is entitled to compensation for the diminution in value of the property which it serves. *United States v. Grizzard,* 219 U.S. 180, 31 S.Ct. 162, 55 L.Ed. 165 (1911); *United States v. Welch,* 217 U.S. 333, 30 S.Ct. 527, 54 L.Ed. 787 (1910). The law established by these cases has not lost its vitality. *See State of California v. United States,* 395 F.2d 261, 268 (9th Cir.1968); *United States v. Pope & Talbot, Inc.,* 293 F.2d 822, 824-25 (9th Cir.1961); 4 Nichols' Eminent Domain § 12.3[1] (rev. 3d ed. 1981); *cf. United States v. 10.0 Acres,* 533 F.2d 1092, 1094 (9th Cir.1976) (following *Welch* where only exclusivity of easement was taken). The United States does not contend otherwise.

■ The United States, nevertheless, offers alternative bases for upholding the district court's judgment. It suggests that the taking of the easements in this case should not give rise to severance damages because the condemned tract was not contiguous to the tracts which the easements ultimately served. This court has expressly held, however, that contiguity is not a prerequisite to the granting of severance damages. *Cole Investment Co. v. United States,* 258 F.2d 203, 204 (9th Cir.1958); *Honolulu Plantation,* 182 F.2d at 179.

■ The principal alternative basis offered by the United States is that at the time of the taking, unity of ownership and use of the easements and the tracts which they served was lacking. Severance damages cannot be recovered where such unity is not shown. *See United States v. 87.30 Acres,* 430 F.2d 1130, 1133 (9th Cir.1970) (no unity of ownership); *Cole Investment,* 258 F.2d at 205 (no unity of use).

Resolution of this question depends upon the determination of the date of the taking. The United States argues that the taking occurred April 1, 1976 when its possession order, issued upon filing of the condemnation suit, became effective. At that time both Peterson and the state had acquired their easement interests over the condemned properties, as well as the right to cross intervening lands; but they had not yet constructed the road for which the easements were obtained. Construction was not completed until late July 1976. Upon

the road's completion, both dominant tracts were in fact served by the access easements. The United States did not file a declaration of taking or enter into possession of the condemned land until over a year later.

 The State of Washington and Peterson correctly argue that the controlling date is either the date of the filing of the declaration of taking, or the date when physical possession is taken, whichever occurs first. *United States v. Dow,* 357 U.S. 17, 25, 78 S.Ct. 1039, 1046, 2 L.Ed.2d 1109 (1958); *Fibreboard Paper Products Corp. v. United States,* 355 F.2d 752, 754–55 (9th Cir.1966). In this case the declaration of taking was filed in August 1977 and the United States took actual possession in September 1977. Because it was earlier, the filing of the declaration establishes the date of taking in this case. The requisite unity of use as an easement for access had therefore been established as of the date of taking, since the roadway was then in existence.

We therefore do not need to reach the contention of the United States that Peterson and the state are required to establish record title interests in all of the intervening lands necessary for the easements to provide access to the dominant estates; the United States concedes that these were acquired before August 1977.

The United States also suggests obliquely that Peterson is not entitled to severance damages because he held only a leasehold interest in the tract which the condemned easement served. The United States offers no reason for conditioning severance damages on ownership of a fee interest. It is well established that when a leasehold is taken, the tenant is entitled to condemnation damages. *See Alamo Land & Cattle Co., Inc. v. Arizona,* 424 U.S. 295, 303, 96 S.Ct. 910, 916, 47 L.Ed.2d 1 (1976); *United States v. Petty Motor Co.,* 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 72 (1946); *A.W. Duckett & Co. v. United States,* 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216 (1924). Where, as here, the leasehold is not condemned, but its value is diminished by the taking of an easement providing access to the leased property, severance damages should similarly be available to provide fair compensation. *See United States v. Miller,* 317 U.S. 369, 375, 63 S.Ct. 276, 280–81, 87 L.Ed. 336 (1943) (courts must fashion rules which fairly compensate for the value taken, and must do substantial justice in eminent domain proceedings).

The judgment of the district court is reversed and the matter is remanded for trial on the question of damages.